# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3793

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Phillip D. Banks, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 10, 2003

Filed:  August 25, 2003

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

Phillip D. Banks appeals his sentence following our remand of this case for resentencing. Previously, in United States v. Bradford, 246 F.3d 1107, 1111-12, 1115 (8th Cir. 2001), we affirmed Banks's jury convictions for conspiracy to distribute a controlled substance and distribution of a controlled substance, but remanded the case to the District Court for resentencing in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  At Banks's initial sentencing, the District Court imposed a mandatory minimum sentence of twenty years as required by 21 U.S.C. 841(b)(1)(A) (2000).  We vacated that sentencing determination because, in violation of Apprendi, "no drug quantity was specified in the indictment

or proven at trial." Bradford, 246 F.3d at 1115. On remand, the District Court,[1] using the guideline sentencing range established at Banks's initial sentencing, sentenced Banks to 132 months of imprisonment. We affirm.

Banks advances a hodgepodge of frivolous arguments in support of his claim that his sentence is unconstitutional, including the contention that "the application of the sentencing guidelines in conjunction with findings based upon a preponderance of the evidence results in cruel and unusual punishment." Appellant's Br. at 19. We have squarely rejected this argument before. United States v. Diaz, 296 F.3d 680, 683 (8th Cir.) (holding that "Apprendi does not forbid a district court from finding the existence of sentencing factors, including drug quantity, by a preponderance of the evidence"), cert. denied, 123 S.Ct. 43 (2002). Banks's primary contention appears to be that he believes his sentence was "greatly disproportionate" to those of equally culpable co-defendants and that the District Court should have reduced his sentence accordingly. Appellant's Br. at 20. Even if we assumed Banks could demonstrate that similarly situated or more culpable offenders received lesser sentences in this case, we would reject his claim because "disparity between sentences imposed on codefendants is not a proper basis for departure" from the applicable guideline sentencing range. United States v. Carrasco, 271 F.3d 765, 768 (8th Cir. 2001) (internal quotation and citations omitted).

Banks next argues that the District Court erred in calculating the quantity of drugs attributable to him. Banks maintains that although this issue was presented in his initial appeal, "it appears that it was not clearly addressed by the Court in its decision." Appellant's Br. at 24. We disagree. We previously held in Banks's initial appeal that, with respect to all the defendants, "[t]here was no clear error in the district court's factual findings," including drug quantities. Bradford, 246 F.3d at

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

1112 n.1.  As indicated, we remanded this case for resentencing in light of the Supreme Court's decision in <u>Apprendi</u>.  We did not disturb or question the District Court's factual findings on drug quantity.  Accordingly, those findings became the law of the case.  <u>Cf.</u> <u>United States v. Washington</u>, 197 F.3d 1214, 1216 (8th Cir. 1999) (declining to address whether search violated defendant's Fourth Amendment rights because the Court previously had decided that issue), <u>cert. denied</u>, 531 U.S. 1015 (2000).

For the reasons stated, we affirm Banks's sentence.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.