# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2481

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Robert Allen Sanders, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 12, 2004
Filed: July 26, 2004

_____

Before BYE, HEANEY, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Robert Allen Sanders pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). As Mr. Sanders had three prior Iowa burglary convictions, the Pre-sentence Report (PSR) recommended the district court[1] sentence him as a career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Because Iowa had failed formally to admit the Nebraska-licensed lawyer who represented him in one of the Iowa convictions, Mr. Sanders objected to the

_____

[1]The Honorable Ronald E. Longstaff, United States District Court for the Southern District of Iowa.

PSR, arguing the conviction violated his Sixth Amendment right to counsel. The district court overruled the objection, applied the ACCA, and sentenced Mr. Sanders to 144 months of imprisonment. On appeal, he reiterates his collateral attack of the predicate 1980 conviction, and we affirm.

I

In 1980, Mr. Sanders was charged with burglary in Mills County, Iowa. At that time, he was already incarcerated in Nebraska for a parole violation on an unrelated matter. After seeing attorney William J. Gallup's name in the paper and on television, Mr. Sanders retained Mr. Gallup to defend him in the Iowa case. Mr. Sanders pleaded guilty and was sentenced to 10 years of imprisonment.[2] He apparently never appealed or otherwise challenged this or his other two Iowa burglary convictions.

During the sentencing hearing in the instant case, Mr. Gallup testified he has been licensed in Nebraska since 1964. Between 1964 and 1971, he worked as a city prosecutor, deputy county prosecutor, and Assistant United States Attorney. In 1971, Mr. Gallup entered private practice and has worked as a criminal defense attorney since then. He has regularly defended cases in Iowa during his long career.

Mr. Gallup also testified that, while he was a member of the Nebraska bar in good standing in 1980, he did not formally move to be admitted pro hac vice in Iowa for Mr. Sanders's 1980 burglary case. He explained the judges in Mills County and Pottawattamie County, Iowa, routinely forewent the formalities of admission for Nebraska attorneys, particularly those with whom the courts were familiar, such as himself. Apparently, this informality continues to this day.

---

[2]Mr. Sanders acknowledges he benefitted from a plea agreement negotiated by Mr. Gallup. The agreement allowed Mr. Sanders to serve his Nebraska and Iowa sentences simultaneously.

Matt Wilbur, the County Attorney for Pottawattamie County, corroborated Mr. Gallup's testimony. In Mr. Wilbur's experience as County Attorney and private practitioner, judges in both Iowa counties allow Nebraska lawyers to defend criminal cases without going through the formal pro hoc vice procedure of associating with a local attorney.

The district court ruled Mr. Sanders could not escape the application of the ACCA through a collateral attack on his 1980 conviction. The court stated,

> I think Mr. Gallup was an attorney at the time he represented Mr. Sanders in Mills County. He was admitted to practice law in Nebraska . . . Although I don't disagree that maybe it's not a wise practice to allow out-of-state attorneys to practice without associating with local counsel, I think it's routinely done by the courts in Iowa and also by this Court as a federal court in Iowa.

Finding no merit to the collateral attack of the 1980 conviction, the court applied the career-criminal enhancement under United States Sentencing Guidelines (U.S.S.G.) § 4B1.4. This guideline applies in the case of a defendant subject to an enhanced sentence under 18 U.S.C. § 924(e), and under § 924(e)(1) a defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a violent felony or serious drug offense. U.S.S.G. § 4B1.4, cmt. A burglary conviction qualifies as a violent felony under section § 924(e)(2)(B). Because Mr. Sanders pleaded guilty to violating § 922(g) and had three burglary convictions (that is, three violent felonies for purposes of § 924(e)) the district court concluded the § 4B1.4 enhancement was applicable in his case.[3]

---

[3]In reaching this conclusion, the district court did not engage in judicial fact finding offensive to the holding in the United States Supreme Court's recent landmark decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). While the Court declared unconstitutional any increase in penalty beyond the prescribed statutory maximum

On appeal, Mr. Sanders disputes neither the court's conclusion his three Iowa convictions qualify as violent offenses nor the finding Mr. Gallup was informally admitted to practice in Iowa in the 1980 case. The question presented, therefore, is whether representation by *a licensed* attorney not *formally* admitted to practice pro hoc vice denies the defendant the right to counsel as to subject the conviction to collateral attack.

II

This court reviews *de novo* a district court's interpretation of a sentence-enhancing statute. United States v. Speakman, 330 F.3d 1080, 1081 (8th Cir. 2003).

In Curtis v. United States, 511 U.S. 485 (1994), the defendant attempted to avoid an ACCA sentence enhancement, claiming he had received ineffective assistance of counsel in one of his predicate convictions. First, the Supreme Court found the statutory language of the ACCA did not authorize collateral attacks on underlying convictions. Then the Court concluded a prior conviction was subject to collateral attack on constitutional grounds only when the record of the conviction demonstrated a failure to appoint counsel for an indigent defendant. Id. at 486. The Court rejected Curtis's invitation to extend the right of collateral attack to claims of ineffective assistance or other constitutional violations, finding these did not rise "to the level of jurisdictional defect resulting from the failure to appoint counsel at all." Id. (citation omitted).

---

based on facts not submitted to a jury and proved beyond a reasonable doubt, the Court expressly exempted "the fact of prior conviction." Id. at 2536. Here, the *statute* defines burglary as a violent felony for purposes of 924(e). Thus, in concluding Mr. Sanders's history contained three violent offenses, the district court did not have to find burglary qualifies as a violent offense.

Mr. Sanders acknowledges <u>Curtis</u> bars collateral attacks grounded on claims of ineffective assistance of counsel. He contends, however, the failure to adhere to formal pro hoc vice procedures is equivalent to the failure to appoint counsel.

This argument is factually and legally without merit. Mr. Sanders's 1980 conviction was rendered while he was represented by counsel licensed to practice law, albeit in a neighboring state. Although Mr. Gallup had not gone through the formal pro hoc vice admission procedure, the Iowa state court accepted his representation, just as the two county courts (and indeed the federal district court) have apparently done routinely for other Nebraska attorneys. As a factual matter, then, Mr. Gallup practiced law in Iowa with the court's authority, bypassing the formalities of admission only because the court itself saw fit to relax them.

In support of his argument, Mr. Sanders cites several cases in which courts have held the failure to satisfy licensing requirements amounted to per se ineffective assistance. Even if these cases could show ineffective assistance rises to the level of "defect" required by <u>Curtis</u>, they are distinguishable from this case as they involved defense counsel who were not licensed to practice law in *any* jurisdiction. <u>See, e.g.</u>, <u>People v. Felder</u>, 391 N.E.2d 1274, 1276 (N.Y. 1979).

In contrast, Mr. Gallup was a licensed and experienced lawyer, who apparently provided Mr. Sanders effective assistance, as evidenced by the plea agreement allowing him to serve his Nebraska and Iowa sentences simultaneously. Indeed, Mr. Sanders does not claim today, nor did he in 1980, that Mr. Gallup provided substandard assistance or even that he would have provided more-effective assistance by associating with local counsel. In short, the informality of the pro hoc vice procedure did not work prejudice upon Mr. Sanders, and thus he was not, even arguably, denied his Sixth Amendment right to counsel in the 1980 Iowa case.

Accordingly, we affirm the district court's sentencing decision.

_____