UNITED STATES of America, Plaintiff,

v.

Arnaldo LOSOYA–MANCIAS, Defendant.

No. C4–02–050.

United States District Court, D. North Dakota, Northwestern Division.

Aug. 25, 2004.

Scott J. Schneider, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

Gary Harold Lee, Olson Burns Lee, Minot, ND, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

HOVLAND, Chief Judge.

Before the Court is Defendant Arnaldo Losoya–Mancias' ("Mancias") motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The motion was filed on August 2, 2004. On August 3, 2004, the Court reviewed the motion and ordered the Government to file an answer. On August 12, 2004, the United States filed a response requesting that the Court deny Mancias' motion for post-conviction relief. Mancias submitted a reply brief on August 23, 2004. For the reasons set forth below, this Court denies Mancias' motion.

## I. BACKGROUND

On September 26, 2002, Mancias pled guilty to one count of Possession With Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1). Mancias agreed to criminal forfeiture in the amount of $2,225.00. On December 16, 2002, the Court sentenced Mancias to 80 months imprisonment, 4 years supervised release and a $100.00 special assessment. In doing so, the Court found Mancias to be a career offender based on his prior convictions for Escape and Possession of Marijuana With Intent to Deliver. *See* U.S.S.G. § 4B1.1. Judgment was entered on December 17, 2002. On December 27, 2002, Mancias filed a Notice of Appeal. On November 28, 2003, the Eighth Circuit affirmed his conviction. *United States v. Mancias*, 350 F.3d 800 (8th Cir.2003).

This action arises out of Mancias' current motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence citing the recent Supreme Court decision of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).[1]

---

1. In Mancias' motion he advanced three reasons why he believes *Blakely* affects his sentence:

(1) by preponderance of the evidence, and against his Sixth Amendment right, movant's escape conviction was considered to be a violent offense.

(2) by preponderance of the evidence, and against his Sixth Amendment right, movant was enhanced on his prior Criminal History Category, without the filling of a Title 28 U.S.C. § 851 information, other than for the one prior drug conviction that raised his statutory maximum to ten years from 5 years.

(3) by preponderance of the evidence, and against his Sixth Amendment right, movant was enhanced to a Career Criminal Status.

## II. LEGAL ANALYSIS

Mancias contends that *Blakely* requires that his sentence be vacated because it was based on federal Sentencing Guideline enhancements not supported by facts found by a jury beyond a reasonable doubt, in violation of his Sixth Amendment right to a jury trial. In *Blakely*, the Supreme Court invalidated an upward departure under the State of Washington's sentencing guidelines using the rule expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court struck down Washington's sentencing guidelines and held that the sentence imposed was improper because the facts supporting the departure "were neither admitted by the petitioner nor found by a jury." *Blakely*, —— U.S. at ——, 124 S.Ct. at 2537.[2] The Court will address the issue of whether the *Blakely* opinion operates in favor of Mancias.

### A. THE DOCTRINE OF STARE DECISIS—EXISTING PRECEDENT

█ This Court is bound to apply the precedent of the United States Supreme Court and the Eighth Circuit. The doctrine of stare decisis demands that the Court not lightly cast aside past decisions. *See Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 403, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970).

The United States Supreme Court laid out the rationale behind the doctrine of stare decisis:

[T]he desirability that the law furnish a clear guide for the conduct of individuals, to enable them to plan their affairs with assurance against untoward surprise; the importance of furthering fair and expeditious adjudication by eliminating the need to relitigate every relevant proposition in every case; and the necessity of maintaining public faith in the judiciary as a source of impersonal and reasoned judgments.

*Moragne*, 398 U.S. 375, 403, 90 S.Ct. 1772, 26 L.Ed.2d 339.

The Supreme Court made it clear in *Blakely* it was not invalidating the federal Sentencing Guidelines. 124 S.Ct. 2531, 2538 n. 9. In what has become a famous and oft-quoted footnote, Justice Scalia wrote "[t]he Federal Guidelines are not before us, and we express no opinion on them." *Id.* Likewise, in *Apprendi*, the Supreme Court did not alter the Sentencing Guidelines beyond its ruling in the case. 530 U.S. 466, 497 n. 21, 120 S.Ct. 2348, 147 L.Ed.2d 435 (stating "[t]he Guidelines are, of course, not before the Court. We therefore express no view on the subject beyond what this Court has already held") (citing *Edwards v. United States*, 523 U.S. 511, 515, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998)).

Despite Justice Scalia's footnote and deflection of what many maintain is the real issue, federal and state courts are daily weighing in on the "havoc" the *Blakely* decision has created. *See* —— U.S. ——, ——, 124 S.Ct. 2531, 2549, 159 L.Ed.2d 403 (2004) (O'Connor, J., dissenting—"The Court ignores the havoc it is about to wreak on trial courts across the country.")

---

**2.** The relevant facts in *Blakely* were briefly summarized by the Court: "Petitioner Ralph Howard Blakely, Jr., pleaded guilty to the kidnaping of his estranged wife. The facts admitted in his plea, standing alone, supported a maximum sentence of 53 months.

Pursuant to state law, the court imposed an 'exceptional' sentence of 90 months after making a judicial determination that he acted with 'deliberate cruelty.'" —— U.S. at ——, 124 S.Ct. at 2534.

It is clear the "havoc" envisioned and feared by Justice O'Connor has occurred. There is currently no consensus and considerable uncertainty among the federal circuit courts and district courts as to whether *Blakely* applies to the federal Sentencing Guidelines.

Prior case law reveals that the Supreme Court has consistently upheld the Sentencing Guidelines against close scrutiny and constitutional attack. *See Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); *Stinson v. United States,* 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); *Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *United States v. Watts,* 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *Edwards v. United States,* 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998). However, after carefully surveying the Supreme Court precedent, it is undisputed that the Sentencing Guidelines have never faced a Sixth Amendment right to jury trial challenge such as the one mounted in *Blakely* against the State of Washington's sentencing guidelines. None of the Supreme Court cases which have addressed the federal Sentencing Guidelines have even discussed the Sixth Amendment right to a jury trial, and none have involved a Sixth Amendment challenge.

The Eighth Circuit has held that the Sentencing Guidelines do not violate the rule of *Apprendi. See United States v. Banks,* 340 F.3d 683, 684–85 (8th Cir.2003). No other Eighth Circuit opinions have been finalized since *Blakely* regarding the constitutionality of the Sentencing Guidelines. Although the Eighth Circuit held in *United States v. Mooney,* No. 02–3388, 2004 WL 1636960 (8th Cir. July 27, 2004), that the Sentencing Guidelines were unconstitutional, that decision has since been vacated and will be heard en banc at a later date. A similar decision in a case

entitled *United States v. Pirani,* No. 03–2871, has also been vacated and a rehearing en banc has been ordered to be "held at a time and place to be announced." 2004 WL 1748930 (8th Cir. August 16, 2004). As a result, there is no binding post-*Blakely* precedent in the Eighth Circuit.

## B. *CAREER OFFENDER*

Mancias' upward departure stems from Section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.). That section provides in relevant part as follows:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

At the time of his sentencing, Mancias had two prior convictions for Escape and Possession of Marijuana With Intent to Deliver. The Court used Section 4B1.1 to assign an offense level of 24 to Mancias. As a result of the plea, the Court imposed a three-level reduction for acceptance of responsibility, leaving a total adjusted offense level of 21 under the Sentencing

Guidelines. Mancias challenges this finding.

There are a multitude of complex questions raised by the Supreme Court's decision in *Blakely v. Washington.* Suffice it to say there is a great deal of legal uncertainty in the wake of *Blakely.* There are many who believe the *Blakely* decision almost certainly invalidates the federal Sentencing Guidelines. The landscape has now changed dramatically and there is a need for a careful evaluation of the sentencing system in federal court and the federal Sentencing Guidelines. Hopefully, guidance from the United States Supreme Court is forthcoming. The Supreme Court has recently agreed to hear two appeals on October 4, 2004, the opening day of the new term, to address the implications of *Blakely* and the future of the federal Sentencing Guidelines. However, despite the fate of criminal justice and federal sentencings in the wake of *Blakely,* it is well-understood that *Blakely* did not disrupt the maxim that courts may take into account the fact of a prior conviction without the use of a jury. — U.S. ——, ——, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403. In other words, the fact of a defendant's prior convictions does not require a jury determination in order to support an increase in a defendant's sentence.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the government does not need to prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those prior convictions for purposes of enhancing a sentence. While the *Almendarez–Torres* rationale was called into question in *Apprendi,* the Supreme Court expressly said the decision would not be reconsidered. 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (stating "[e]ven though it is arguable that *Almendarez–Torres* was incorrectly decided ... we need not revisit it for purposes

of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset"). This Court acknowledges that the soundness of the prior conviction exception under *Almendarez–Torres* has again been questioned in light of *Blakely.* Nevertheless, the *Almendarez–Torres* exception remains the law of the land until the United States Supreme Court chooses to revisit the matter.

■ In a pre-*Blakely* decision, the Eighth Circuit held that is was proper for a district court to make findings, in accordance with the preponderance of the evidence standard, that a defendant had prior convictions for serious violent felonies which thereby enhance a sentence. *See United States v. Davis,* 260 F.3d 965, 969 (8th Cir.2001). The Eighth Circuit said that "[i]t is our role to apply Supreme Court precedent as it stands, and not as it develops." *Id.* Accordingly, the Eighth Circuit followed *Alemdarez–Torres* and did not require the government to submit the fact of the prior convictions to the jury to be proved as an element beyond a reasonable doubt. The Eighth Circuit also made it clear that the rule of *Apprendi* that exempts a fact of prior conviction from a jury determination "includes not only the fact that a prior conviction exists, but also a determination of whether a conviction is one of the enumerated types for the sentence enhancement under section 3559." 260 F.3d 965, 969 (citing *United States v. Gatewood,* 230 F.3d 186, 192 (6th Cir.2000) (en banc)).

■ Recent case law reveals that *Blakely* does not impact these holdings. In *United States v. Sanders,* 377 F.3d 845 n. 3 (8th Cir.2004), the Eighth Circuit held that *Blakely* did not affect a trial court's finding that the defendant met the career-criminal enhancement under U.S.S.G. § 4B1.4 for having at least three prior violent felony convictions. The decision

was based on a plain reading of *Blakely* in that the Supreme Court explicitly exempted prior convictions from its holding. *Id.* (citing *Blakely*, —— U.S. ——, ——, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403). Other post-*Blakely* decisions have reached similar conclusions. *See United States v. Marseille*, 377 F.3d 1249 (11th Cir.2004) (holding that *Blakely* does not put the finding of prior convictions into the hands of a jury); *United States v. Burrell*, No. 2:03CR10095, 2004 WL 1490246 (W.D.Va. July 6, 2004); *United States v. Byrd*, No. SA-03-CR-547-XR, 2004 WL 1618832 (W.D.Tex. July 20, 2004).

In the present case, Mancias contends that the Court should not be able to make findings under Section 4B1.1 of the Sentencing Guidelines to treat him as a career offender. However, existing case law clearly establishes that prior convictions can be taken into account by the sentencing court without a factual finding by a jury. *Almendarez–Torres*, 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350. Neither *Apprendi* nor *Blakely* have changed that result.

It is certainly possible, and likely probable, that the United States Supreme Court will hold that *Blakely* applies to the federal Sentencing Guidelines. However, even if that pronouncement is made, Mancias would not benefit from such a ruling. Simply stated, Mancias' case is unaffected by the Supreme Court's recent pronouncement in *Blakely v. Washington* because the fact of a prior conviction need not be proved to a jury in order to support an increase in a defendant's sentence. An exception has been carved out for prior convictions and that was the express holding in *Almendarez–Torres*. In this case, the enhancement to Mancias' sentence was because of his prior felony convictions. This Court's finding that Mancias is a career offender under the Sentencing Guidelines was based on his prior convictions, which convictions were appropriately used for purposes of enhancing Mancias' sentence. The Court is loath to rule otherwise because both the United States Supreme Court and the Eighth Circuit have spoken.

### III. *CONCLUSION*

For the reasons set forth above, the Court **DENIES** the Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Docket No. 58]. The Court also **DENIES** Mancias' request for an evidentiary hearing. In light of this ruling, the Court need not address the issue of whether the *Blakely* decision is retroactive.

**IT IS SO ORDERED.**