# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————————

No. 04-3098

————————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Isidro Muro-Mendoza, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

————————————

Submitted: March 14, 2005
Filed: March 21, 2005

————————————

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

————————————

PER CURIAM.

Isidro Muro-Mendoza appeals the 34-month sentence imposed by the district court[1] following Muro-Mendoza's guilty plea to illegally reentering the United States following conviction of an aggravated felony, see 8 U.S.C. § 1326(a), (b)(2), arguing that the sentence violated the Fifth and Sixth Amendments as discussed in Blakely v. Washington, 124 S. Ct. 2531 (2004). We affirm Muro-Mendoza's sentence.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Muro-Mendoza's indictment charged him with being an alien who had previously been deported from the United States, subsequent to being convicted of an aggravated felony, and who, after the deportation and without permission, was found in the United States, in violation of 8 U.S.C. § 1326(a), and punishable under 8 U.S.C. § 1326(b)(2). Muro-Mendoza did not enter a plea agreement but did enter a Stipulation and Plea Document with the government, in which Muro-Mendoza admitted to knowingly violating 8 U.S.C. § 1326(a), including that Muro-Mendoza had a prior conviction for an aggravated felony offense. (Dist. Ct. R. at 5.) He stipulated that he had been convicted on December 31, 1996, in South Gate, California, for manufacturing false citizenship documents. (Id. at 4.)

Muro-Mendoza entered his guilty plea at a Change of Plea Hearing on May 19, 2004, where he admitted the allegations in the indictment, including that he had a prior conviction for an aggravated felony. At his sentencing hearing on July 29, 2004, he argued that he had not admitted that his prior conviction met the definition of an aggravated felony, and that the Supreme Court's recent Blakely decision required that that fact be decided by a jury. Without a jury finding of an aggravated felony, Muro-Mendoza argued to the sentencing court that his sentence should not be enhanced under § 1326(b)(2) or United States Sentencing Guidelines § 2L1.2(b)(1)(C). The district court rejected his argument, applied the eight-level enhancement required by USSG § 2L1.2(b)(1)(C), and sentenced Muro-Mendoza within the resulting sentencing range of 30-37 months to 34 months imprisonment.

Putting aside the question of whether Muro-Mendoza admitted the fact of a prior aggravated felony, his appeal is without merit. The Supreme Court has made clear that any fact that increases a sentence above the maximum sentence authorized by a jury verdict or guilty plea must be admitted by the defendant or submitted to a jury for a finding beyond a reasonable doubt. See United States v. Booker, 125 S. Ct. 738, 746 (2005) (holding that the Sixth Amendment as construed in Blakely applied to the United States Sentencing Guidelines). The Supreme Court "reaffirm[ed its]

holding in Apprendi," maintaining Apprendi's exception for the fact of a prior conviction. Booker, 125 S. Ct. at 756. The United States Code defines an aggravated felony to include an offense described in 18 U.S.C. § 1546 related to immigration document fraud, and for which the term of imprisonment is at least twelve months. See 8 U.S.C. § 1101(a)(43)(P). Because the statute defines aggravated felony to include Muro-Mendoza's prior conviction for manufacturing false citizenship documents, the judge did not make any factual findings in determining that Muro-Mendoza's prior conviction was for an aggravated felony. See United States v. Sanders, 377 F.3d 845, 848 n.3 (8th Cir. 2004) (noting that the judge did not make improper factual findings where the relevant statute defined burglary as a violent felony for purposes of 18 U.S.C. § 924(e)). This being so, the fact of a prior aggravated felony falls within the prior conviction exception to Apprendi. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998) (upholding the validity of the aggravated felony enhancement of § 1326(b)(2) as a sentencing factor); United States v. Kempis-Bonola, 287 F.3d 699, 702 (8th Cir.) (noting that Apprendi did not overrule Almendarez-Torres and holding that "[e]xisting precedent dictates that the 'aggravated felony' consideration of § 1326(b)(2) is not a fact that must be submitted to a jury"), cert. denied, 537 U.S. 914 (2002). Thus, the district court did not violate the Sixth Amendment as recently construed by the Supreme Court when it applied the sentencing enhancement contained in § 1326(b)(2) and USSG § 2L1.2(b)(1)(C) without submitting the issue of the aggravated felony to a jury.

Muro-Mendoza also argues that the enhancement should not have been applied because the underlying conviction was not in fact a felony conviction, but rather a misdemeanor. Muro-Mendoza agrees that we must apply plain error to this claim not raised before the district court. See United States v. Hart, 397 F.3d 643, 647 (8th Cir. 2005) ("Under the plain error standard, we will only reverse obvious errors which affect a defendant's substantial rights and seriously affect the fairness, integrity, or public reputation of judicial proceedings." (internal marks and citations omitted)).

The Presentence Investigation Report (PSR) refers to two convictions for manufacturing false citizenship documents. Muro-Mendoza was sentenced for the first conviction on December 31, 1996, to probation with the condition of 33 days in jail. This is the conviction referenced in the Stipulation and which Muro-Mendoza argues is not a felony, but a misdemeanor, since his sentence was less than twelve months. See USSG § 2L1.2, comment. (n.3(A)) (defining aggravated felony by reference to 8 U.S.C. § 1101(a)(43)); 8 U.S.C. § 1101(a)(43)(P)(ii). However, Muro-Mendoza was also sentenced on November 4, 1997, for a separate conviction of manufacturing false citizenship documents, for which he served 365 days in jail on a suspended five-year sentence to be followed by three years of probation. His probation was eventually revoked and the five-year sentence was executed. Muro-Mendoza did not make any objections to the PSR's recitation of this conviction. This separate conviction clearly fits the definition of an aggravated felony. See § 1101(a)(43)(P). Any error in relying on the first conviction as opposed to the second conviction did not affect Muro-Mendoza's substantial rights, and he therefore has failed to establish that he is entitled to relief under plain error review standards.

The judgment and sentence imposed by the district court is affirmed.

_____