CHANDLER, Justice,
for the Court:
¶ 1. On appeal of Weissenger Newber-ry’s felony convictions, we reverse and remand for a new trial due to the trial court’s and counsel’s failure to comply with Mississippi Rule of Appellate Procedure 46 governing the admission of foreign attorneys to practice pro hac vice. Most significantly, the trial court erred in waiving the now-mandatory requirement that associated local counsel be present at trial.
FACTS AND PROCEEDINGS BELOW
¶ 2. In 2011, Newberry was pulled over for suspicion of driving under the influence (DUI) after an officer observed him weaving between lanes. He resisted arrest and subsequently was indicted on two counts of assaulting a law-enforcement officer, possession of marijuana, possession of cocaine, and a first DUI. The indictment later was amended to reflect his habitual-offender status. The assault charges eventually were dropped.
¶ 3. Newberry engaged Gerald S. Green, a Tennessee attorney, to represent him. A scheduling order of May 14, 2012, listed Green as attorney of record. On June 15, 2012, Green submitted a verified application and affidavit to appear pro hac vice, listing the enumerated requirements of Mississippi Rule of Appellate Procedure 46(b)(5), including the statement that Green “has associated Attorney Daniel 0. Lofton, a member in good standing of the Mississippi Bar as local counsel in this case.... ” The application included a Certificate of Local Attorney signed by Daniel Lofton and a Certificate of Payment for the pro hac vice fee of $200 to the Clerk of the Mississippi Supreme Court. This was the complete extent of Lofton’s involvement in the case.
¶ 4. Also on June 15, 2012, Green submitted a Motion to Dismiss Prosecution and a Request for Discovery on Newber-ry’s behalf. These two motions were signed and submitted only by Green. Additionally, Green’s bar number as listed next to his signature on these motions did not indicate in which state Green was licensed.
¶ 5. Green represented Newberry at an August 7, 2012, hearing in which the court denied the Motion to Dismiss and granted the State’s Motion to Amend the Indictment charging Newberry as a habitual offender under Mississippi Code Section 99- *654 19-81. Green had not at that time been approved to proceed pro hac vice, and associated attorney Lofton was not present at the hearing. The court subsequently denied an August 17, 2012, Motion to Continue Trial filed by Green.[1]
¶ 6. The trial occurred on August 22, 2012. After the jury was selected, the court approved Green’s application to proceed pro hac vice and waived the requirement that local counsel be present during trial. The State had no objection to the trial proceeding without the presence of local counsel. The portion of the transcript from the start of trial granting Green’s pro hac vice application and permitting the trial to move forward without the presence of local counsel reads as follows:
[STATE]: Your Honor, as a preliminary matter ... [i]t’s my understanding that the Supreme Court has approved him to proceed pro hac vice in the Mississippi court. The state has no objection to that.
Further, it’s my understand of the rule that local counsel is not here. The rule expressly allows the defendant defense counsel to proceed without local counsel if the judge expressly allows that or makes a ruling as such. The state has no objection whatsoever to Mr. Green proceeding without local counsel being present.
THE COURT: All right. It’s my understanding from looking at the court file myself that Mr. Green has complied with the Mississippi rules concerning the admission pro hac vice, and I do hereby rule that he is an attorney in good standing in Shelby County and has been accepted for practice here pursuant to our court rules.
He has paid the necessary fees to the State of Mississippi and to the Mississippi bar, and I’m going to excuse the local counsel from being here participating. ...
¶ 7. After a one-day trial, Newberry was convicted of possession of marijuana, possession of cocaine, and first-offense DUI. Evidence was submitted showing that Newberry’s blood alcohol level several hours after arrest was 0.13. In addition to the testimony of officers present at the scene, the dash-cam video of the incident was shown to the jury.
¶ 8. The Supreme Court never received an order approving Green’s admission to proceed pro hac vice. Green stated at the post-trial motions hearing that “I didn’t submit any order. I didn’t think anything else was required after we had our proceedings in this court. They [Mississippi Supreme Court Clerk] sent back the cases that I had been in, and they approved that I had paid the money.”
¶ 9. Daniel Lofton, the associated attorney, testified at the post-trial motions hearing that he understood his role and obligations to be limited to certifying that Green was an attorney in good standing in Tennessee on Green’s pro hac vice application, and that he would be notified if his involvement was further required. Lofton never met or communicated with Newber-ry. Lofton stated that
Mr. Green is an experienced counsel, and I acted discretionarily under his advice .... I saw none of [the documents/motions filed on Newberry’s behalf] nor was I aware that this matter was going to trial, nor was I aware of *655 the seriousness with which — the charges which Mr. Newberry, faced, especially the habitual offender issue. I had no idea... I basically certified that Gerald Green was an attorney in good standing to the best of my knowledge, which I have direct knowledge of being a Tennessee attorney,[2] as well, no, like I said, I was not part of the contract for services with Mr. Newberry. I didn’t have any arrangement with him to be compensated.
At the post-trial motions hearing, Newber-ry asserted that he never knew Green was not licensed to practice in Mississippi. This contradicts Green’s testimony that he told Newberry up front that he could not practice in Mississippi unless he was admitted pro hac vice and followed the rules governing admission. Newberry hired a new attorney immediately following the trial and was represented by the new attorney at the post-trial motions hearing, sentencing hearing, and on this appeal.
DISCUSSION
¶ 10. Deprivation of counsel and pro hac vice requirements are questions of law, which we review de novo. In re Williamson, 838 So.2d 226, 233 (Miss.2002).
I. Newberry was not denied counsel under the Sixth Amendment.
¶ 11. Newberry argues that he was denied counsel under the Sixth Amendment due to Green’s failure to comply with the requirements to practice pro hac vice, and in particular due to the absence of local counsel at trial. But failure of an out-of-state attorney to comply with the rules for pro hac vice admission is not a per se deprivation of counsel under the Sixth Amendment. Cole v. U.S., 162 F.3d 957, 958 (7th Cir.1998). Addressing a situation where a nonlocal lawyer had provided representation, the Seventh Circuit stated:
The right to the representation of counsel implies some minimum standard of competence, but “the key to adequate representation is not technical license to practice in the jurisdiction involved, but a credential from some forum demonstrating the specialized knowledge of a lawyer.” ... Thus, whether a lawyer has been admitted to practice in the local jurisdiction is not of constitutional dimension.
Id. (quoting U.S. v. Maria-Martinez, 143 F.3d 914, 917 (5th Cir.1998)). The court further observed:
As a general matter, only a few circumstances give rise to a per se violation of the Sixth Amendment right to counsel: no counsel present at all, or counsel not present at critical stages; complete failure to cross-examine or subject the opposing case to the adversarial process; an actual conflict of interest; and failure to file a requested appeal. The Supreme Court has described these as “circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.”
Id. (quoting U.S. v. Cronic, 466 U.S. 648, 658,104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)). See also U.S. v. Sanders, 377 F.3d 845 (8th Cir.2004) (holding that failure to adhere to formal pro hac vice procedures was not failure to appoint counsel under Sixth Amendment).
¶ 12. Here, Green was a licensed, competent, practicing attorney in Tennessee. Therefore, his failure to satisfy the pro hac vice requirements does not constitute a per se structural violation of the Sixth Amendment.
*656 II. Failure to Comply with Mississippi Rule of Appellate Procedure 46
¶ 13. Green did not completely satisfy the requirements for pro hac vice admission before acting to represent New-berry, and the trial court clearly erred in allowing the trial to proceed without the presence of local counsel.
¶ 14. Rule 46(b)(7) states:
A foreign attorney shall not appear as counsel pro hac vice before any court or administrative agency until the foreign attorney certifies to the court or administrative agency that the foreign attorney has provided a copy of the order authorizing such appearance to the Clerk of the Supreme Court.
¶ 15. The trial court did not authorize Green to practice pro hac vice until well after Green had represented Newberry by filing motions on Newberry’s behalf without listing associated counsel and by representing him in person at pretrial hearings.[3] Additionally, Green should have certified to the trial court that the Clerk of the Supreme Court had been provided a copy of the order authorizing his appearance before he acted to represent Newberry.
¶ 16. The trial court erred in waiving the now-mandatory requirement that associated local counsel be present at trial. As established by the 2003 amendments and comments to Rule 46, the presence of local counsel at trial is now mandatory and may not be excused by the trial judge. Rule 46(b)(4) states:
No foreign attorney may appear pro hac vice before any court or administrative agency of this state unless the foreign attorney has associated in that cause a local attorney. The name of the associated local attorney shall appear on all notices, orders, pleadings, and other papers filed in the cause. The local attorney shall personally appear and participate in all trials, and, unless specifically excused from such appearance by the court or administrative agency, in all pretrial conferences, hearings, other proceedings conducted in open court and all depositions or other proceedings in which testimony is given in this state. By associating with a foreign attorney in a particular cause, the local counsel accepts joint and several responsibility with such foreign attorney to the client, to opposing parties and counsel, and to the court or administrative agency in all matters arising from that particular cause.
M.R.A.P. 46(b)(4) (emphasis added). The comment to Rule 46 states in part:
As amended in 2003, Rule 46(b)(4) departs from prior practice and now requires that associated local counsel personally appear and participate in all depositions or other proceedings in which testimony is given in this state, in addition to all trials, pretrial conferences, hearings other proceedings conducted in open court. The local attorney may be specifically excused by the *657 judge from attending proceedings other than trials.
M.R.A.P. 46 cmt. (emphasis added).
¶ 17. The rule imposes a mandatory requirement that “the local attorney shall personally appear and participate in all trials.” The trial court held that the rule can be read to allow the trial court to excuse the local attorney’s presence at trial. This reading is untenable. The mandatory requirement that “the local attorney shall personally appear and participate in all trials” is structured to stand independent from the subsequent list of proceedings the local attorney must also attend unless excused by the court. M.R.A.P. 46(b)(4). The phrase “and, unless specifically excused from such appearance by the court ...” is a qualifier to the subsequent list of proceedings, a list that does not include “trial.” Id. The phrase “such appearance” does not refer back to the term “trial” in the initial clause of the sentence, but rather refers to the subsequent list of proceedings. The comment clarifies matters and expressly states, “[t]he local attorney may be specifically excused by the judge from attending proceedings other than trials.” M.R.A.P. 46(b)(4) cmt. (emphasis added).
¶ 18. As explained by the comment, by enacting the 2003 amendments to Rule 46, this Court made a deliberate choice to “depart from prior practice” and significantly increase the required involvement of associated local counsel. M.R.A.P. 46 cmt. This heightened-involvement requirement promotes the policy of ensuring that defendants are adequately represented by counsel knowledgeable and experienced in local court rules and practice. Id. Green’s representation did not comply with this requirement, and the trial court clearly erred in interpreting the rule to permit the waiver of local counsel at trial.
¶ 19. We have found strict compliance with Rule 46 appropriate in circumstances where local counsel was absent from the representation. In Taylor v. General Motors Corp., 717 So.2d 747 (Miss.1998), this Court held that the trial court acted appropriately when it struck the plaintiffs complaint because the pro hac vice attorney had not complied with Rule 46 admission requirements and had failed to associate local counsel. In Dinet v. Gavagnie, 948 So.2d 1281, 1284 (Miss.2007), this Court reversed the trial court’s decision to strike pleadings where, even though the name of a foreign attorney who had failed to obtain admission pro hac vice was on the filings, a local attorney had been substituted as counsel and the local attorney’s name was also on the filing. The Court distinguished Dinet from Taylor by pointing out that, in Taylor, “the plaintiffs were represented by only a foreign attorney, who had not been properly admitted pro hac vice.” Dinet, 948 So.2d at 1285.
¶ 20. In Martin v. State, 749 So.2d 375 (Miss.Ct.App.1999), a case decided before the 2003 amendments, the Court of Appeals declined to reverse a guilty plea where associated local counsel was present at the plea hearing but the defendant’s second, pro hac vice attorney was absent. The court stated:
[the pro hac vice attorney] did not appear at the guilty plea hearing. Instead, local counsel, Robert Evans, was present when Martin entered his plea of guilty at the hearing. It is undisputed in the record that Evans was a local attorney who was familiar with the local rules and practice in this area of law. The argument that [the pro hac vice attorney] had not met the requirements of M.R.A.P. 46 in no way impedes the validity of the guilty plea entered by Martin.
*658 ¶ 21. Despite the submission of Lofton’s “Certificate of Local Attorney” with Green’s pro hac vice application, Newberry was, for all practical purposes, “represented only by a foreign attorney, who had not been properly admitted pro hac vice.” See Dinet, 948 So.2d at 1285. Consistent with this Court’s precedent and the policies behind amending the rules to required heightened involvement of local counsel, and unlike the scenarios in Martin and Dinet, the involvement of local counsel is not present as a potential mitigating factor to compensate for Green’s failure to satisfy the Rule 46 requirements. Not only did associated local counsel not appear at trial, he was not even aware of the filings made, of the nature of the charges against New-berry (including his habitual-offender status), or even that the case was going to trial.
¶ 22. The State argues that New-berry waived his right to challenge the Rule 46 violation because Newberry allowed Green to represent him at trial knowing that Green was not a Mississippi attorney. But waiver requires that the party knew or with reasonable diligence may have discovered the violation and yet still permitted the representation to proceed. See Terrell v. Tschirn, 656 So.2d 1150 (Miss.1995). Here, at trial, the trial judge, the State, and Newberry’s attorney all represented to Newberry that the absence of local counsel at trial was not a violation, and that Green had complied with all of the requirements for pro hac vice admission. In the face of that representation, Newberry could not be expected to have the requisite knowledge of the violation for a finding of waiver. He also would have no mechanism for objecting to the violation that occurred at trial (since his noncompliant attorney would be his mechanism for objecting), and he did challenge the violation (with a new attorney) at the first post-trial opportunity, the post-trial motions.
¶ 23. We held, in the context of pretrial Rule 46 violations and prior to the 2003 amendments to the rule, in the context of pretrial activity, that “where a party knows or with reasonable diligence may have discovered the Rule 46 violation, the failure to file a motion prior to trial acts as a waiver and procedurally bars him from raising the issue on appeal.” Terrell v. Tschirn, 656 So.2d 1150 (Miss.1995). We are not overruling Terrell, but rather supplementing it in the context of violations that occurred at trial, not merely pretrial, where all parties at trial represented that no violation occurred, and in consideration of the 2003 amendments to the rules.[4]
¶ 24. Our enforcement of Rule 46 goes not only toward protecting clients’ rights, but toward enforcing both society’s and the profession’s respect for this Court and the processes that have been established for seeking redress. Both principles are weakened if a finding of waiver is as simple as a defendant’s awareness that he is represented by an outside attorney, where the trial judge, the State, and the defendant’s attorney all represented that the attorney was in compliance with the rules governing foreign attorney admission.[5] *659 The presence of local counsel may cover a multitude of pro hac vice sins when evaluating prejudice to a defendant, but this Court will take very seriously pro hac vice violations that involve the absence of local counsel.
¶ 25. We hold that, under this set of facts, Newberry did not waive his right to challenge the Rule 46 violation, and that the seriousness of the violation in failing to have local counsel involved at all and especially at trial warrants reversal of Newber-ry’s convictions.
¶ 26. Newberry also argues that his sentencing as a habitual offender is reversible due to the trial court’s failure to admit proof of his prior convictions into evidence at the sentencing hearing, as well as the trial court’s failure to treat the sentencing hearing as the appropriate time for the defendant to challenge the competency of those records with evidence and testimony. See Grayer v. State, 120 So.3d 964 (Miss.2013). Since we are reversing the underlying convictions, we do not address the merits of this argument. Because the conviction is not reversed on grounds of insufficiency of the evidence, jeopardy will not be an issue at sentencing should Newberry be convicted again. See U.S. v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); Denton v. Duckworth, 873 F.2d 144 (7th Cir.1989).
¶ 27. REVERSED AND REMANDED.
WALLER, C.J., DICKINSON, P.J., KITCHENS AND KING, JJ., CONCUR. COLEMAN, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., LAMAR AND PIERCE, JJ.

. The motion was based on the submission of a video of the alleged crime five days prior to the trial. Mr. Green viewed the video in the prosecutor's office but was not provided a copy.

. Lofton is licensed in both Mississippi and Tennessee.

. Mississippi Rule of Appellate Procedure 46(b)(l l)(i) provides:
No court clerk or filing officer of any administrative agency of this slate shall accept or file any pleadings or other papers from a foreign attorney who has not complied with the requirements of this rule. Any pleadings or other papers in violation of this rule shall be stricken from the record upon the motion of any party or by the court or administrative agency sua sponte.
See also Mitchell v. Progressive Ins. Co., 965 So.2d 679 (Miss.2007). While the circuit court clerk did not refuse to accept Green's pretrial motions, that might have been because it was not clear from his signature and bar number on the filings that he was an out-of-state attorney.

. The separate opinion appears to find the issues in this case indistinguishable from Terrell, however we find this case distinguishable in that the violations were not exclusively pretrial and the requisite knowledge for waiver was not present.

. We disagree with the separate opinion that this case reduces to a Strickland analysis for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While we do not find it necessary to go so far in this case, we note that some jurisdictions have held that "[wjhen a defendant is unaware at the time of trial that his trial counsel is neither licensed to practice law in [the jurisdiction] nor admit *659 ted pro hac vice pursuant to [the local rules], [the] court will presume that the defendant suffered prejudice and hold as a matter of law that the conduct of counsel in question was ineffective assistance of counsel per se.” Little v. State, 819 N.E.2d 496, 503 (2004). In Little, the Court of Appeals of Indiana rejected an ineffective-assistance-of-counsel claim where a defendant proceeded to trial (without local counsel) with knowledge that his foreign attorney had failed to comply with the relevant rales governing admission. Id. at 502.