Serial: **231697**

**IN THE SUPREME COURT OF MISSISSIPPI**

**FILED**

MAY 28 2020

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

No. 2017-CT-01488-SCT

*FRANKIE L. WILLIAMS a/k/a FRANKIE WILLIAMS*
*a/k/a FRANKIE LEE WILLIAMS*

*v.*

*STATE OF MISSISSIPPI*

## EN BANC ORDER

The instant matter is before the Court on the Petition for Writ of Certiorari filed by

Frankie L. Williams. The petition was granted by order of the Court on November 12, 2019.

Upon further consideration, the Court finds that there is no need for further review and that

the writ of certiorari should be dismissed.

IT IS, THEREFORE, ORDERED that the writ of certiorari is hereby dismissed on the

Court's own motion.

SO ORDERED, this the 26th day of May, 2020.

_____
JOSIAH DENNIS COLEMAN, JUSTICE
FOR THE COURT

TO DISMISS: RANDOLPH, C.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ.

KING, P.J., OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT JOINED BY KITCHENS, P.J.

# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CT-01488-SCT

*FRANKIE L. WILLIAMS a/k/a FRANKIE WILLIAMS*
*a/k/a FRANKIE LEE WILLIAMS*

*v.*

*STATE OF MISSISSIPPI*


**KING, PRESIDING JUSTICE, OBJECTING TO THE ORDER WITH SEPARATE WRITTEN STATEMENT:**

¶1.     Because the Court of Appeals decided this case incorrectly, I object to the order dismissing the petition for certiorari that this Court previously granted. This Court should reverse the judgment of the Court of Appeals.

¶2.     Frankie Williams was convicted of murder and possession of a firearm by a convicted felon. He appealed, arguing that the trial court violated his right to represent himself and that he received ineffective assistance of counsel. A divided Court of Appeals affirmed, finding that the record did not indicate that Williams wished to waive counsel, and that even if it did, he was incompetent to represent himself. The Court of Appeals also dismissed Williams's ineffective assistance of counsel claim without prejudice to his ability to raise the issue in post-conviction proceedings. Williams petitioned this Court for certiorari, which we granted to address the issue of whether the trial court violated his right to represent himself. We now

2

dismiss the petition for certiorari, despite the trial court's error of failing to follow Rule 7.1(c) of the Mississippi Rules of Criminal Procedure.

## FACTS AND PROCEDURAL HISTORY

¶3. Prior to trial, Williams underwent mental evaluations, and the trial court held a competency hearing in May 2017. The trial court found Williams competent to stand trial. On October 2, 2017, the first day of trial, defense counsel requested outside of Williams's presence that Williams be able to speak to the court. The court denied that request, stating that "I will hear from you [counsel]. I don't need to hear from him." Defense counsel replied that "Part of it is that I think he wants to fire counsel." The discussion continued,

> BY THE COURT: Its [sic] too late for that and he is not qualified to represent himself. So, just tell him that we are going forward with the trial at this stage. I don't need to hear any more from him, I've heard enough from him. He has got two counsels who are able to represent him and we are going forward unless he want[s] to plea.

> BY [DEFENSE COUNSEL]: No, he does not want to plea. Is it permissible for either me or him to make a motion before the Court that he be permitted to try himself?

> BY THE COURT: I'm telling you that he is not going to do that.

> BY [DEFENSE COUNSEL]: I just want to make a record.

> BY THE COURT: I've seen enough [of h]is antics over the last four years to say that he is not qualified to serve as his own counsel . . . .

> BY [DEFENSE COUNSEL]: All I want to know is that in going forward I want to make sure that the record is clear that we have voiced what he wants.

> . . . .

3

BY [DEFENSE COUNSEL]: There is one other point that he insists on making sure that I understand and that is he is going to file complaints against all of us and I told him that was his right. And I just want it to be on the record.

BY THE COURT: I'm sure that I got some judicial complaints out there somewhere. But again, . . . and I understand and I think you have put your concerns on the record or his concerns on the record.

But I am again making the ruling that he can not [sic] represent himself.

. . . .

BY [DEFENSE COUNSEL]: I just needed to put that on the record.

In making the ruling that Williams could not represent himself, the trial court detailed some of the difficulties Williams had caused with pro se filings and other "antics."

¶4.    Later that day, Williams and the trial court had the following exchange:

BY MR. WILLIAMS: Yes, sir and also pertaining to the case that me and [defense counsel], he said, for the record, that I had asked them to be excused but he said for some reason that –

BY THE COURT: Well, Mr. Williams let me tell you what I told him. I am not – he has been appointed to represent you . . . . Personally, we have had conversations back and forth and the Court is ruling that they are your attorneys . . . .

. . . .

BY MR. WILLIAMS: For the record, I don't feel satisfied with his judgement[sic].

BY THE COURT: Yes, sir.

BY MR. WILLIAMS: [O]fficially, [defense counsel], acting by counsel, rules himself what he wants to (inaudible).

4

BY THE COURT: You can take him back to lunch because we are going to lunch.

BY [DEFENSE COUNSEL]: He asked me to remove myself.

BY THE COURT: The Court has ordered you to stay on this case, [defense counsel], to try this case. Now, that is the order of the Court to try this case to the best of your ability which I know that you will do and that is all that the Court can ask you to do . . . .

The trial proceeded with Williams represented by defense counsel.

¶5. The Court of Appeals determined that "Williams did not waive counsel and invoke his right of self-representation." *Williams v. State*, No. 2017-KA-01488-COA, 2019 WL 1915376, at *6 (Miss. Ct. App. Apr. 30, 2019). The Court of Appeals then found that even if Williams did invoke his right of self-representation, the trial court did not err by denying Williams that right because Williams met an exception to the right of self-representation. *Id.* at *7. The Court of Appeals analyzed the facts itself and found that Williams was "'so . . . mentally incompetent to speak to the jury that his right to a fair trial [would have been] endangered' had he represented himself." *Id.* (quoting *Armstead v. State*, 716 So. 2d 576, 580 (Miss. 1998)). The separate opinion found that Williams did indicate that he wanted to represent himself, thus triggering the mandatory procedure found in Rule 7.1 of the Mississippi Rules of Criminal Procedure. *Williams*, 2019 WL 1915376 (Westbrooks, J., concurring in part and dissenting in part).

## ANALYSIS

¶6. A criminal defendant has a constitutional right to self-representation. That right is found explicitly in the Mississippi Constitution of 1890, which provides that "[i]n all criminal prosecutions, the accused shall have the right to be heard by himself or counsel, or both[.]" Miss. Const. art. 3, § 26. The right is also found implicitly in the Sixth Amendment to the United States Constitution. U.S. Const. amend. VI; *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). "[T]his Court reviews constitutional issues *de novo.*" *Grim v. State*, 102 So. 3d 1073, 1078 (Miss. 2012).

¶7. The right to self-representation is deeply entrenched in both the state and federal constitutions. "[F]orcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so." *Faretta*, 422 U.S. at 817 (also examining the lengthy history of self-representation). A refusal to allow a defendant to argue his own case "is in direct violation of [Mississippi Constitution article 3, section 26] and requires reversal." *Gray v. State*, 351 So. 2d 1342, 1345 (Miss. 1977). To protect a defendant's rights in waiving counsel, Rule 7.1(c) of the Mississippi Rules of Criminal Procedure "adopts the constitutional standard" for waiver of the right to counsel. MRCrP 7.1(c) cmt.; *see Faretta*, 422 U.S. at 835; *Patton v. State*, 34 So. 3d 563, 565-69 (Miss. 2010). Rule 7.1(c) provides that "[w]hen the court *learns* that a defendant desires to act as his/her own attorney, the court *shall* conduct an on-the-record examination of the defendant to determine if the defendant knowingly and voluntarily desires to act as his/her own attorney." MRCrP 7.1(c) (emphases added). When defense counsel asked that Williams be allowed to speak to the

trial court, the trial court refused the request. The trial court then detailed why it would not let Williams represent himself. When defense counsel requested that he or Williams be allowed to make a motion that Williams represent himself, the trial court declined the request. It then detailed several more times why it would not allow Williams to represent himself. Clearly, the trial court "learned" that Williams desired to represent himself, triggering Rule 7.1(c). Had the trial court not "learned" of this, its repeated statements that it would not allow Williams to represent himself would amount to nonsense.[1] Rule 7.1(c) provides that once the trial court "learns" of the defendant's "desire" to self-represent, it "shall" conduct the procedure provided in Rule 7.1(c). "Shall" is mandatory. *Moore v. State*, 287 So. 3d 905, 918 (Miss. 2019); *Newberry v. State*, 145 So. 3d 652, 656 (Miss. 2014). The Court of Appeals' determination that Williams did not "waive" counsel or "invoke" the right to self-representation ignores the plain language of Rule 7.1(c), and appears to require Williams to use "magic words" to invoke his rights. Williams was not required to waive counsel to invoke Rule 7.1(c); indeed, the procedures in Rule 7.1(c) are how a trial court determines whether a defendant waives counsel, and those procedures were not followed in this case. A trial court need only "learn" of the "desire" to self-represent to trigger the mandatory procedures found in Rule 7.1(c), and that clearly occurred in this case.

---

[1]Furthermore, the fault for any alleged lack of clarity regarding whether Williams desired to represent himself lies squarely with the trial court, as it refused to allow Williams to move to represent himself. The trial court's refusals to allow him to make a formal request should not be held against Williams.

7

Absent narrow exceptions, a defendant has an absolute right to self-representation, and the State may not force counsel onto a defendant. *Faretta*, 422 U.S. 806. The trial court failed to make the appropriate determination regarding whether Williams knowingly and voluntarily waived counsel, and, if so, whether he met one of the narrow exceptions that may deprive a defendant of the right to self-representation.

¶8. Further, the Court of Appeals' determination that Williams met one of the exceptions to the right to self-representation was inappropriate. The trial court did not make any such determination. As an appellate court, the Court of Appeals should not generally determine an issue not determined by the trial court, nor should it engage in fact-finding. *See* Miss. Const. art. 6, § 146.

¶9. As the separate opinion noted, self-representation is usually unwise, and it is not "unreasonable to conclude that Williams's interest in self-representation was primarily a means to prolong his trial." *Williams*, 2019 WL 1915376 at *9 (Westbrooks, J., concurring in part and dissenting in part). But such notions do not relieve the trial court of its duties to follow the procedures in Rule 7.1(c), to determine whether a proper waiver of the right to counsel has occurred, or to determine whether an exception to the right to self-representation is met, if applicable.

¶10. Because the trial court erred by failing to make an on-the-record determination under Rule 7.1(c) regarding whether Williams waived the right to counsel, and because the right to self-representation is firmly entrenched in both our state and federal constitutions, I would

8

grant Williams's petition for certiorari, reverse Williams's conviction, vacate the portion of the Court of Appeals opinion that affirms Williams's conviction, and remand the case to the trial court for a new trial.

**KITCHENS, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT.**