**Parrish COLE, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 97–1028.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 17, 1998.

Decided Dec. 10, 1998.

David L. Chidester (argued), Valparaiso, IN, for Petitioner–Appellant.

Daniel L. Bella, Office of the United States Attorney, Hammond, IN; Sharon Johnson, Office of the United States Attorney, Dyer, IN, for Respondent–Appellee.

Before ESCHBACH, COFFEY and FLAUM, Circuit Judges.

COFFEY, Circuit Judge.

Parrish Cole brings this motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, raising an issue of first impression in this circuit: whether his trial counsel was ineffective *per se* because the counsel had not been admitted to practice in the federal district in which Cole was tried. We conclude that a *per se* rule is not appropriate here, and affirm.

In 1993, Cole was charged with violating federal drug laws. The district court initially appointed counsel for Cole, but Cole retained his own attorney a few weeks later, and the court-appointed attorney withdrew. On October 15, 1993, Cole pleaded guilty to Count 1 of the superseding indictment. Cole was sentenced to 70 months of imprisonment and the remaining counts of the superseding indictment were dismissed.

Cole then filed the present motion under 28 U.S.C. § 2255, alleging that his attorney was constitutionally defective because he failed to file an appeal. Cole later amended his motion to add other allegations of attorney ineffectiveness, including the attorney's failure to argue a sentencing entrapment theory to the court or to challenge the use of crack instead of cocaine in calculating drug weight for sentencing purposes. The district court held an evidentiary hearing to determine why Cole's attorney had not filed an appeal. In the course of preparing for that hearing, Cole discovered that the docket did not reflect that his attorney had ever been admitted to practice *pro hac vice* in the Northern District of Indiana, the district where Cole was tried. At the hearing, the attorney admitted that, although he was licensed to practice in Illinois and was admitted to the bars of the Northern District of Illinois, the Eastern District of New York and the Northern District of Minnesota, he was not admitted to the bar in the Northern District of Indiana.[1] On appeal, Cole has abandoned the first two issues he raised below and now argues only that his attorney

---

1. Cole's attorney recalled that he had moved for admission *pro hac vice* in Cole's case, but the docket does not reflect any such motion or grant of admission *pro hac vice*.

was ineffective *per se* because he was not admitted to the bar of the Northern District of Indiana. This issue is a pure question of law, which we review *de novo. United States v. Jones*, 152 F.3d 680, 685 (7th Cir.1998); *United States v. Burdix–Dana*, 149 F.3d 741, 742 (7th Cir.1998).

█ Cole contends that representation by an attorney not admitted to the local bar should be considered a *per se* violation of the Sixth Amendment—a violation that automatically voids a conviction, without further inquiry into counsel's actual competence or actual prejudice to the defendant. We cannot agree with this contention. As a general matter, only a few circumstances give rise to a *per se* violation of the Sixth Amendment right to counsel: no counsel present at all, or counsel not present at critical stages; complete failure to cross-examine or subject the opposing case to the adversarial process; an actual conflict of interest; and failure to file a requested appeal. *See United States v. Cronic*, 466 U.S. 648, 658–61, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The Supreme Court has described these as "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id.* at 658, 104 S.Ct. 2039. The Court has further noted that "the Sixth Amendment guarantee is generally not implicated" unless the claimed source of trouble affects the reliability of the trial process itself. *Id.*

█ The right to the representation of counsel implies some minimum standard of competence, but "the key to adequate representation is not technical license to practice in the jurisdiction involved, but a credential from some forum demonstrating the specialized knowledge of a lawyer." *United States v. Maria–Martinez*, 143 F.3d 914, 917 (5th Cir.1998), *petition for cert. filed*, (U.S. Sept. 8, 1998) (No. 98–6016). This court has held that "the 'Counsel' to which the sixth amendment refers is a professional advocate who meets the standards set by the court." *Reese v. Peters*, 926 F.2d 668, 669 (7th Cir. 1991). The admission of non-local attorneys *pro hac vice* is a longstanding tradition in both federal and state courts. *Id.* at 669–70. Typically, admission *pro hac vice* is a formali-

ty, so long as the courts of some jurisdiction have approved the attorney as having the requisite skill and integrity to practice law. *Id.* Thus, whether a lawyer has been admitted to practice in the local jurisdiction is not of constitutional dimension. "What matters for constitutional purposes is that the legal representative was enrolled after the court [of some jurisdiction] concluded that he was fit to render legal assistance." *Id.* at 670.

Only where the attorney had never been admitted to practice before any court at all, and thus should be considered a non-lawyer, have courts found *per se* violations of the right to counsel. *See, e.g., Solina v. United States*, 709 F.2d 160 (2d Cir.1983) (representation by person who had failed twice to pass the New York state bar examination and was not a member of any other bar was a *per se* violation of the right to counsel); *cf. United States v. Novak*, 903 F.2d 883 (2d Cir.1990) (representation by attorney who gained law license through fraud was a *per se* Sixth Amendment violation). Hewing to this rule, we have not applied a *per se* rule even in a case where counsel, who had never represented a client in any capacity, had passed one state bar but had failed the bar three times for the state in which the case arose. *United States v. Merritt*, 528 F.2d 650 (7th Cir.1976).

Nor have we adopted a *per se* rule for other deficiencies in lawyers' bar membership. For instance, representation by a disbarred lawyer is not a *per se* Sixth Amendment violation. *See Bond v. United States*, 1 F.3d 631 (7th Cir.1993) (attorney under investigation by attorney ethics board during trial); *United States v. Williams*, 934 F.2d 847 (7th Cir.1991) (attorney suspended from state bar during trial). Our sister circuits uniformly agree with this position. *See United States v. Maria–Martinez*, 143 F.3d 914, 919 (5th Cir.1998) (*per se* rule inapplicable where attorney had been disbarred by Fifth Circuit, yet represented the defendant); *Vance v. Lehman*, 64 F.3d 119 (3d Cir.1995); *United States v. Mouzin*, 785 F.2d 682 (9th Cir.1986).

Indeed, although this court has never been presented with the precise issue Cole raises, other federal courts of appeal have held that

a lawyer's failure to seek or gain *pro hac vice* admission to the court trying the defendant's criminal case does not result in a per se Sixth Amendment violation. *See, e.g., Kieser v. People of New York*, 56 F.3d 16 (2d Cir.1995); *United States v. Costanzo*, 740 F.2d 251 (3d Cir.1984); *Derringer v. United States*, 441 F.2d 1140 (8th Cir.1971); *United States v. Bradford*, 238 F.2d 395 (2d Cir.1956). The sole case Cole points to as supporting a *per se* rule is *Butler v. State of Indiana*, 668 N.E.2d 266 (Ind.App.1996), in which an Indiana appellate court held that defense counsel's lack of admission to the Indiana bar was a *per se* violation of the Sixth Amendment entitling the defendant to a new trial, although the counsel was admitted to practice in Illinois. Beyond the fact that *Butler* is not binding on this court, it is distinguishable. State criminal laws vary from one state to another, and a state court may deem it necessary for defense counsel to be versed in the criminal laws and procedure of that state in order to adequately represent a defendant. In federal court, by contrast, the criminal laws and procedure that apply are the same from district to district, and an attorney admitted to practice in one federal district may be presumed sufficiently knowledgeable to represent a criminal defendant in any district. In this case, Cole's defense counsel was admitted to practice in three other federal districts.

At oral argument, Cole's appellate counsel argued that a *per se* rule was necessary so that attorneys would not violate with impunity federal courts' rules requiring admission to practice before them. Courts have other means of enforcing compliance with rules, however. In the event that an attorney appears to scoff at admission requirements, it may be appropriate to sanction the attorney. Voiding the conviction after the fact, without even inquiring whether trial counsel's lack of admission to a local bar resulted in any prejudice to the defendant, goes too far. The lack of local admission is not a situation that is "so likely to prejudice the accused that the cost of litigating [its] effect in a particular case is unjustified." *United States v. Cronic*, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Accordingly, we decline to adopt a *per se* rule, and AFFIRM the judgment of the district court.