# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-01542-SCT

*CARL MITCHELL*

*v.*

*PROGRESSIVE INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/31/2006 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JEFFREY LYNN ELLIS |
| ATTORNEYS FOR APPELLEE: | GINNY Y. KENNEDY |
| | CECIL MAISON HEIDELBERG |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED AND REMANDED - 09/27/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., GRAVES AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1. On November 27, 2002, Mississippi resident Carl Mitchell was involved in an automobile accident with Louisiana resident Patrick Benfatti in New Orleans, Louisiana. At the scene of the accident, Benfatti provided Mitchell with documentation allegedly sufficing as proof of automobile insurance. On January 16, 2003, Mitchell's attorney, Karl Wiedemann, faxed a letter to Progressive Gulf Insurance Company ("Progressive") stating that Benfatti was not insured at the time of the accident and asserting an uninsured motorist claim against Progressive.

¶2. In December 2005, Mitchell attempted to file a complaint against Progressive in the Circuit Court of Wayne County. The complaint was signed by Wiedemann, a licensed

Louisiana attorney, and included his office address in New Orleans and bar number. Wiedemann was not licensed in Mississippi. That complaint was subsequently refused by the Circuit Clerk of Wayne County because it was not signed by a member of the Mississippi Bar and did not evidence a Mississippi Bar number. In February 2006, Mitchell filed a separate complaint against Progressive in the circuit court. The new complaint was signed by Mitchell's present attorney, Jeffrey L. Ellis, who is licensed to practice in Mississippi.

¶3.    Thereafter, Progressive filed a "Motion to Dismiss, in the alternative, Motion for Summary Judgment." Following hearing, the circuit court entered a "Judgment of Dismissal" finding that the December 2005 complaint was not legally filed and the February 2006 complaint was "filed beyond the statute of limitations and . . . therefore time barred." Following judgment, Mitchell filed notice of appeal.

## FACTS

¶4.    On November 27, 2002, Mitchell was involved in an automobile accident with Louisiana resident Benfatti in New Orleans. As a result of the accident, Mitchell alleges that he "sustained personal injury and property damage." At the scene of the accident, Benfatti exhibited what he claimed was proof of automobile insurance. On January 16, 2003, Mitchell's Louisiana attorney, Wiedemann, faxed a letter to Progressive stating, "[i]t is our understanding that the driver of the vehicle, who hit Mr. Mitchell, *had no liability insurance at the time of the accident*. Therefore, Mr. Mitchell is making a claim against his own UM carrier, [Progressive]."[1] (Emphasis added).

---

[1] While the record is silent as to activity between January 16, 2003, and December 5, 2005, Mitchell attempts to summarize that activity in his brief. Following the January 16,

¶5.    In December 2005, Wiedemann attempted to file a complaint against Progressive on

behalf of Mitchell in the Circuit Court of Wayne County.[2]   The complaint was signed by

Wiedemann, a licensed Louisiana attorney, and included his office address in New Orleans

and Louisiana bar number.[3]   That same day, a summons to Progressive was filed in the circuit

court.[4]   Soon thereafter, according to the affidavit of Rose Bingham, Circuit Clerk of Wayne

County:

> 4.  The original complaint was returned to Wiedemann & Wiedemann when
> one of my clerks realized that a firm from Louisiana had filed it.
> 5.  This [c]omplaint was refused by this office due to the fact that it was filed
> by a Louisiana law firm and did not have a Miss. Bar N[o].  It is no longer a
> part of our records.

When Wiedemann was informed of the deficiency, he was left with sufficient time for the

proper filing of the complaint.

¶6.    In February 2006, Mitchell filed another complaint against Progressive in the same

court.[5]   This complaint was signed by Mitchell's present attorney, Ellis, who is licensed to

---

2003, letter to Progressive, Mitchell states that "Wiedemann contacted the adjuster for
[Progressive] . . . and began settlement discussions."  During this period of settlement
negotiations, Mitchell claims that he "continued to be treated by a physician for his injuries
so a resolution to the claim was unable to be reached."  Furthermore, he alleges that "[d]ue
to Hurricane Katrina [on August 29, 2005] those settlement negotiations were never
fulfilled."  According to Mitchell, Wiedemann's office suffered significant damage from
Hurricane Katrina and Wiedemann "lost his computers and many of his 'paper' files . . . as
a result . . . ."

[2]Initially it was assigned Cause No. CV-2005-212-B.

[3]No Mississippi Bar number of any attorney was included in the complaint.

[4]According to Progressive, however, "process of this complaint was never served on
Progressive or Progressive's agent."

[5]Cause No. CV-2006-22-B.

3

practice in Mississippi. In March 2006, service of process in Cause No. CV-2006-22-B was perfected through the Mississippi Commissioner of Insurance.

¶7. In April 2006, Progressive filed a "Motion to Dismiss, in the alternative, Motion for Summary Judgment." The motion stated, in pertinent part, that:

> 6. Any action against [Progressive] for benefits under [Mitchell's] policy of uninsured/underinsured motorist coverage should have been filed at least by January 16, 2006.
>
> 7. [Mitchell's] [c]omplaint was filed on February 14, 2006.
>
> 8. Thus, [Mitchell's] claim was not timely filed and is barred by the statute of limitations, and the [c]omplaint fails to state a claim upon which relief may be granted.

In response to Progressive's motion to dismiss, Mitchell asserted that his complaint was not time-barred, as it "was filed on December 5, 2005 . . . which bears the file stamp of the Wayne County Circuit Clerk's Office. . . . Further, the summons was issued and the summons and the complaint were served by the Sheriff of Wayne County . . . ." Mitchell urges, "[t]he action was commenced . . . when the Wayne County Circuit Clerk accept[ed] the [c]omplaint for filing and affixed her stamp thereto."

¶8. Following a hearing,[6] the circuit court entered its "Judgment of Dismissal." The circuit court determined that the December 2005 complaint was not legally filed because:

> [f]irst, the [c]omplaint was not signed by [Mitchell]. Second, it was signed by an out of state attorney, not licensed to practice law in the state of Mississippi. Third, even if it was given a cause number, a summons was issued and it was stamped filed, there is no record of the filing in the Circuit Clerk's office in Wayne County, Mississippi. Fourth, if it is as [Mitchell] argues then a foreign attorney could come into a Mississippi [c]ourt and file anything he wants and

---

[6]According to Mitchell, "there was no transcript made of the hearing of [Progressive's] Motion to Dismiss before the trial court."

the Supreme Court has clearly said he cannot. Under Rule 11, Mississippi Rules of Civil Procedure and Rule 46, Mississippi Rules of Appellate Procedure, an attorney must either be licensed to practice in Mississippi or be admitted *pro hac vice*. Further, all of the actions taken with the earlier complaint were in another Cause Number, not the Cause Number the [c]ourt is faced with today.

In dismissing Mitchell's claim with prejudice, the circuit court concluded that:

[Mitchell] learned that the other driver was uninsured on or about January 16, 2003. Therefore, he had until January 16, 2006, to file his [c]omplaint. The [c]ourt is of the opinion that the [c]omplaint in this matter was not legally filed until February 14, 2006. Therefore, it was filed beyond the statute of limitations and is therefore time barred.

On August 30, 2006, Mitchell filed notice of appeal.

## ISSUES

¶9.    This Court will consider:

(1) Whether the circuit court erred in granting Progressive's motion to dismiss Mitchell's complaint.

## STANDARD OF REVIEW

¶10.    "When considering a motion to dismiss, this Court's standard of review is de novo." *Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1275 (Miss. 2006). *See also Carter v. Citigroup, Inc.*, 938 So. 2d 809, 817 (Miss. 2006) (quoting *Stephens v. Equitable Life Assurance Society*, 850 So. 2d 78, 82 (Miss. 2003)) ("[t]his Court uses a de novo standard of review when passing on questions of law including statute of limitations issues.").

## ANALYSIS

¶11.    Mitchell argues that he:

filed his [c]omplaint against [Progressive] on December 5, 2005. A [c]omplaint bearing a file stamp of the Wayne County Circuit Clerk's Office and the date of December 5, 2005, is a part of the record. Despite

5

[Progressive's] assertions to the contrary, Mississippi residents have a right to rely on the official stamp of its elected officials. The file stamped complaint is all that is required by rule to establish a filing date. [Miss. R. Civ. P. 3(a)]. Once a [c]omplaint is filed the statute of limitations relative to the cause of action is tolled.

Furthermore, Mitchell maintains that "[Progressive] had notice of this claim before any statute of limitations expired which is the purpose of [Miss. R. Civ. P. 3(a)]." As such, Mitchell contends that he "should be allowed to continue with his claims against [Progressive]."

¶12. Progressive replies that "[t]he December 5, 200[5] complaint failed to comply with Rule 11 of the Mississippi Rules of Civil Procedure and Rule 46 of the Mississippi Rules of Appellate Procedure." Specifically, Progressive urges that:

[t]he December 5, 2005 complaint was not accompanied by any motion for admission *pro hac vice* and it was not signed by any attorney licensed to practice law in Mississippi and it was not signed by Mitchell himself. In fact, Wiedemann's submission of this complaint on his signature alone constitutes an unauthorized practice of law. *See* M.R.A.P. 46(b)(11)(iii). As such, the complaint was properly refused for filing by the Wayne County Circuit Court and the complaint had no effect whatsoever.

Progressive further notes that "[t]he Clerk promptly returned the papers to Mr. Wiedemann and informed him of the deficiency within sufficient time for the complaint to be properly filed before the statute of limitations expired. Yet, no action was taken until nearly six weeks later – until February 14, 2006 – one month too late." Therefore, Progressive persuasively argues that Mitchell's complaint was "time-barred and was properly dismissed with prejudice by the court below."

¶13. The creation of a statute of limitations is within the province and function of the Legislature. *See* ***Miss. Dept. of Public Safety v. Stringer***, 748 So. 2d 662, 666 (Miss. 1999)

6

(quoting *Smith v. Sneed*, 638 So. 2d 1252 (Miss. 1994)). "The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected." *Id*. at 665. A cause of action against an insurer for uninsured motorist benefits is an action on contract. *See Employers Mut. Cas. Co. v. Tompkins*, 490 So. 2d 897, 906 (Miss. 1986). As such, a three-year statute of limitations period applies. *See* Miss. Code Ann. § 15-1-49(1) (Rev. 2003). As both parties submit this cause of action accrued on January 16, 2003, the Court shall accept this date for its analysis. As "a civil action is commenced by filing a complaint with the court[,]" Mitchell was required to file a complaint, in compliance with the Mississippi Rules of Civil Procedure, on or before expiration of the three-year statute of limitations. Miss. R. Civ. P. 3(a).

¶14.    No dispute exists that Mitchell attempted to file a complaint in the circuit court on December 5, 2005. The issue pertains to the validity of that filing. Mississippi Rule of Appellate Procedure 46(b)(2) provides "[a] foreign attorney *shall not* appear in any cause *except as allowed pro hac vice under this Rule 46(b)*." Miss. R. App. P. 46(b)(2) (emphasis added). In order to appear *pro hac vice*, the foreign attorney must associate in the cause with a local attorney and file a verified application, clerk's statement, and $200 filing fee. *See* Miss. R. App. P. 46(b)(4) and 46(b)(5). Mississippi Rule of Appellate Procedure 46(b)(11)(I) states:

> *[n]o court clerk* or filing officer of any administrative agency of this state shall accept or file *any pleadings* or other papers from a *foreign attorney* who has *not complied* with the requirements of this rule. *Any pleadings or other papers*

7

> *filed in violation of this rule shall be stricken from the record upon the motion of any party or by the court or administrative agency sua sponte.*

Miss. R. App. P. 46(b)(11)(I) (emphasis added). *See also **Taylor v. General Motors Corp.**,* 717 So. 2d 747, 749-50 (Miss. 1998); ***Terrell v. Tschirn***, 656 So. 2d 1150, 1152 (Miss. 1995) ("[b]ecause of Tschirn, Sr.'s violation of Rule 46, upon proper motion by Terrell the pleadings in this case would have been stricken from the record."). *But see **Dinet v. Gavagnie***, 948 So. 2d 1281, 1285 (Miss. 2007) (filing was never refused by the circuit clerk and this Court found foreign counsel's failure to comply with Mississippi Rule of Appellate Procedure 46 did not warrant dismissal in light of the association and appearance of a licensed local attorney prior to dismissal). Moreover, Mississippi Rule of Civil Procedure 11(a) provides, in part, that:

> [e]very pleading or motion of a party represented by an attorney shall be signed by at least one attorney of record in that attorney's individual name, whose address shall be stated. . . . *The signature of an attorney who is not regularly admitted to practice in Mississippi*, except on a verified application for admission *pro hac vice, shall further constitute a certificate by the attorney that the foreign attorney has been admitted in the case in accordance with the requirements and limitations of Rule 46(b) of the Mississippi Rules of Appellate Procedure.*

Miss. R. Civ. P. 11(a) (emphasis added). "If a pleading or motion is not signed or *is signed with the intent to defeat the purpose of this rule, it may be stricken as sham and false, and the action may proceed as though the pleading or motion had not been served.*" Miss. R. Civ. P. 11(b) (emphasis added).

¶15.   This Court finds that the December 5, 2005, complaint was properly refused by the circuit clerk and stricken from the record. Mitchell has presented no evidence that Wiedemann was licensed in Mississippi or had complied with any rule allowing a *pro hac*

8

*vice* appearance. *See* Miss. R. App. P. 46. As the December 5, 2005, complaint was signed by a Louisiana attorney only, Mississippi Rule of Appellate Procedure 46(b)(11)(I) provides it "shall be stricken from the record upon the motion of any party or by the court or administrative agency sua sponte." Miss. R. App. P. 46(b)(11)(I). *See also* Miss. R. Civ. P. 11(b) ("[i]f a pleading . . . is signed with the intent to defeat the purpose of this rule, it may be stricken as sham and false, and the action may proceed as though the pleading . . . had not been served."). Bingham's affidavit provides that the complaint was refused and "is no longer a part of our records." That action was well within the scope of authority granted by Mississippi Rule of Appellate Procedure 46(b)(11)(I). As the subsequent complaint was not filed until February 14, 2006, after the statute of limitations expired, this Court concludes that the circuit court was eminently correct in dismissing Mitchell's claim with prejudice.

¶16.    Mitchell next argues that:

> [a]t the very least the principles of equitable estoppel should be applied to prevent [Progressive] from asserting the defense of statute of limitations. The inactions of the insurance company, despite repeated communications from [Mitchell] and/or his representatives, demonstrate that [Progressive] had notice of this claim and its defenses should be null and void.

Progressive responds that equitable estoppel in the statute of limitations context applies only where there is evidence of "inequitable or fraudulent conduct[,]" and "Mitchell's bald assertion, raised for the first time in this appeal, that he was 'stonewalled' by Progressive is unsupported by any evidence."[7] Moreover, Progressive contends that "were this Court to

---

[7]Regarding any argument by Mitchell that equitable estoppel should apply because of Hurricane Katrina, Progressive notes that "more than two and a half years of the limitations period passed between January 16, 2003 and August 29, 2005, when Hurricane Katrina struck, yet Mitchell took no action within that time." Additionally, Progressive observes that "as challenging as it may have been, [Wiedemann] was able to, and did in fact,

accept Mitchell's [notice] argument, all that would be required to indefinitely toll the statute of limitations would be for an individual to simply put an insurance carrier on notice of a potential claim and then file it whenever he wished."

¶17.  This Court has previously stated that:

> [e]quitable estoppel is 'defined generally as the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion would be suffered if such denial or contrary assertion was allowed.'

***Dubard v. Biloxi H.M.A., Inc.***, 778 So. 2d 113, 114 (Miss. 2000) (quoting ***Koval v. Koval***, 576 So. 2d 134, 137 (Miss. 1991)).  "[E]quitable estoppel exists where there is a (1) belief and reliance on some representation; (2) a change of position as a result thereof; and (3) detriment or prejudice caused by the change of position."  ***B.C. Rogers Poultry, Inc. v. Wedgeworth***, 911 So. 2d 483, 492 (Miss. 2005) (citing ***Cothern v. Vickers, Inc.***, 759 So. 2d 1241, 1249 (Miss. 2000)).  Additionally, "inequitable or fraudulent conduct *must* be established to estop a party from asserting a statute of limitations defense." *See **Stringer***, 748 So. 2d at 665.

¶18.  No evidence was submitted to the circuit court or this Court that Progressive engaged in "inequitable or fraudulent conduct[,]" *id*., toward Mitchell.  As "[t]he burden of establishing the elements of an estoppel is on the party asserting the estoppel[,]" *id*., this

---

prepare and submit a complaint before the statute of limitations expired."  Finally, Progressive maintains that "Hurricane Katrina is not to blame for Mitchell's failure to act, upon receiving notice the complaint had not been filed, to ensure that his action was properly and timely filed."

10

Court finds that the absence of any such evidence requires affirming the circuit court's dismissal.

## CONCLUSION

¶19.   Accordingly, this Court affirms the "Judgment of Dismissal" of the Circuit Court of Wayne County.   This Court finds that Wiedemann's violation of Mississippi Rule of Appellate Procedure 46 and Mississippi Rule of Civil Procedure 11, in attempting to file the December 5, 2005, complaint without being admitted *pro hac vice*, may merit discipline by the Mississippi and/or Louisiana State Bar.   Mississippi Rule of Appellate Procedure 46(b)(11)(iii) provides, "[v]iolation of this rule is deemed to be the unlawful practice of law. The Mississippi Bar, or its designated representatives, shall have the right to take appropriate action to enforce the provisions of this rule under the provisions of Miss. Code Ann. § 73-51-1 (1989)."   Miss. R. App. P. 46(b)(11)(iii).   Mississippi Rule of Civil Procedure 11(b) states, in part, that "[f]or wilful violation of this rule an attorney may be subjected to appropriate disciplinary action."   Miss. R. Civ. P. 11(b).   Finally, in ***Dinet***, this Court found that a Louisiana attorney who failed to be admitted *pro hac vice* in Mississippi:

> violated Rule 5.5(a) [of the Louisiana Rules of Professional Conduct] when he engaged in the unauthorized practice of law in this State.   We remand this issue to the trial court with instructions to notify the Louisiana State Bar of this unauthorized activity and for imposition of such other sanctions as the trial court deems proper due to the violations of Miss. R. Civ. P. 11 and Miss. R. App. P. 46.

***Dinet***, 948 So. 2d at 1285.   Therefore, this Court remands this case to the circuit court with instructions to notify the Louisiana State Bar of this unauthorized activity and for imposition

11

of such other sanctions as the trial court deems proper due to the violations of Mississippi Rule of Civil Procedure 11 and Mississippi Rule of Appellate Procedure 46.

¶20.    **AFFIRMED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND LAMAR, JJ., CONCUR.   DIAZ,  P.J.,  CONCURS  IN  PART.   EASLEY  AND  GRAVES,  JJ., CONCUR IN RESULT ONLY.**