# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-KA-01910-SCT

*WEISSENGER NEWBERRY, III a/k/a*
*WEISSENGER NEWBERRY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/27/2012 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM, SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WANDA ABIOTO |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 08/21/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., CHANDLER AND KING, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.    On appeal of Weissenger Newberry's felony convictions, we reverse and remand for a new trial due to the trial court's and counsel's failure to comply with Mississippi Rule of Appellate Procedure 46 governing the admission of foreign attorneys to practice *pro hoc vice*. Most significantly, the trial court erred in waiving the now-mandatory requirement that associated local counsel be present at trial.

## FACTS AND PROCEEDINGS BELOW

¶2. In 2011, Newberry was pulled over for suspicion of driving under the influence (DUI) after an officer observed him weaving between lanes. He resisted arrest and subsequently was indicted on two counts of assaulting a law-enforcement officer, possession of marijuana, possession of cocaine, and a first DUI. The indictment later was amended to reflect his habitual-offender status. The assault charges eventually were dropped.

¶3. Newberry engaged Gerald S. Green, a Tennessee attorney, to represent him. A scheduling order of May 14, 2012, listed Green as attorney of record. On June 15, 2012, Green submitted a verified application and affidavit to appear *pro hac vice*, listing the enumerated requirements of Mississippi Rule of Appellate Procedure 46(b)(5), including the statement that Green "has associated Attorney Daniel O. Lofton, a member in good standing of the Mississippi Bar as local counsel in this case . . . ." The application included a Certificate of Local Attorney signed by Daniel Lofton and a Certificate of Payment for the *pro hoc vice* fee of $200 to the Clerk of the Mississippi Supreme Court. This was the complete extent of Lofton's involvement in the case.

¶4. Also on June 15, 2012, Green submitted a Motion to Dismiss Prosecution and a Request for Discovery on Newberry's behalf. These two motions were signed and submitted only by Green. Additionally, Green's bar number as listed next to his signature on these motions did not indicate in which state Green was licensed.

¶5. Green represented Newberry at an August 7, 2012, hearing in which the court denied the Motion to Dismiss and granted the State's Motion to Amend the Indictment charging Newberry as a habitual offender under Mississippi Code Section 99-19-81. Green had not at that time been approved to proceed *pro hac vice*, and associated attorney Lofton was not

2

present at the hearing. The court subsequently denied an August 17, 2012, Motion to Continue Trial filed by Green.[1]

¶6.     The trial occurred on August 22, 2012. After the jury was selected, the court approved Green's application to proceed *pro hac vice* and waived the requirement that local counsel be present during trial. The State had no objection to the trial proceeding without the presence of local counsel. The portion of the transcript from the start of trial granting Green's *pro hoc vice* application and permitting the trial to move forward without the presence of local counsel reads as follows:

| | |
|---|---|
| [STATE]: | Your Honor, as a preliminary matter. . . [i]t's my understanding that the Supreme Court has approved him to proceed pro hac vice in the Mississippi court. The state has no objection to that. |
| | Further, it's my understand of the rule that local counsel is not here. The rule expressly allows the defendant defense counsel to proceed without local counsel if the judge expressly allows that or makes a ruling as such. The state has no objection whatsoever to Mr. Green proceeding without local counsel being present. |
| THE COURT: | All right. It's my understanding from looking at the court file myself that Mr. Green has complied with the Mississippi rules concerning the admission pro hac vice, and I do hereby rule that he is an attorney in good standing in Shelby County and has been accepted for practice here pursuant to our court rules. |
| | He has paid the necessary fees to the State of Mississippi and to the Mississippi bar, and I'm going to excuse the local counsel from being here participating. . . . |

---

[1] The motion was based on the submission of a video of the alleged crime five days prior to the trial. Mr. Green viewed the video in the prosecutor's office but was not provided a copy.

¶7.    After a one-day trial, Newberry was convicted of possession of marijuana, possession of cocaine, and first-offense DUI. Evidence was submitted showing that Newberry's blood alcohol level several hours after arrest was 0.13. In addition to the testimony of officers present at the scene, the dash-cam video of the incident was shown to the jury.

¶8.    The Supreme Court never received an order approving Green's admission to proceed *pro hac vice*. Green stated at the post-trial motions hearing that "I didn't submit any order. I didn't think anything else was required after we had our proceedings in this court. They [Mississippi Supreme Court Clerk] sent back the cases that I had been in, and they approved that I had paid the money."

¶9.    Daniel Lofton, the associated attorney, testified at the post-trial motions hearing that he understood his role and obligations to be limited to certifying that Green was an attorney in good standing in Tennessee on Green's *pro hoc vice* application, and that he would be notified if his involvement was further required. Lofton never met or communicated with Newberry. Lofton stated that

> Mr. Green is an experienced counsel, and I acted discretionarily under his advice. . . . I saw none of [the documents/motions filed on Newberry's behalf] nor was I aware that this matter was going to trial, nor was I aware of the seriousness with which–the charges which Mr. Newberry faced, especially the habitual offender issue. I had no idea. . . I basically certified that Gerald Green was an attorney in good standing to the best of my knowledge, which I have direct knowledge of being a Tennessee attorney,[2] as well, no, like I said, I was not part of the contract for services with Mr. Newberry. I didn't have any arrangement with him to be compensated.

At the post-trial motions hearing, Newberry asserted that he never knew Green was not licensed to practice in Mississippi. This contradicts Green's testimony that he told Newberry

---

[2] Lofton is licensed in both Mississippi and Tennessee.

4

up front that he could not practice in Mississippi unless he was admitted *pro hoc vice* and followed the rules governing admission. Newberry hired a new attorney immediately following the trial and was represented by the new attorney at the post-trial motions hearing, sentencing hearing, and on this appeal.

## DISCUSSION

¶10.    Deprivation of counsel and *pro hoc vice* requirements are questions of law, which we review de novo. ***In re Williamson***, 838 So. 2d 226, 233 (Miss. 2002).

### I.    Newberry was not denied counsel under the Sixth Amendment.

¶11.    Newberry argues that he was denied counsel under the Sixth Amendment due to Green's failure to comply with the requirements to practice *pro hoc vice*, and in particular due to the absence of local counsel at trial. But failure of an out-of-state attorney to comply with the rules for *pro hac vice* admission is not a *per se* deprivation of counsel under the Sixth Amendment. ***Cole v. U.S.***, 162 F.3d 957, 958 (7th Cir. 1998). Addressing a situation where a nonlocal lawyer had provided representation, the Seventh Circuit stated:

> The right to the representation of counsel implies some minimum standard of competence, but "the key to adequate representation is not technical license to practice in the jurisdiction involved, but a credential from some forum demonstrating the specialized knowledge of a lawyer." . . . Thus, whether a lawyer has been admitted to practice in the local jurisdiction is not of constitutional dimension.

***Id***. (quoting ***U.S. v. Maria-Martinez***, 143 F.3d 914, 917 (5th Cir. 1998)). The court further observed:

> As a general matter, only a few circumstances give rise to a per se violation of the Sixth Amendment right to counsel: no counsel present at all, or counsel not present at critical stages; complete failure to cross-examine or subject the opposing case to the adversarial process; an actual conflict of interest; and

5

failure to file a requested appeal. The Supreme Court has described these as "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified."

*Id.* (quoting *U.S. v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)).

*See also* *U.S. v. Sanders*, 377 F.3d 845 (8th Cir. 2004) (holding that failure to adhere to formal *pro hoc vice* procedures was not failure to appoint counsel under Sixth Amendment).

¶12. Here, Green was a licensed, competent, practicing attorney in Tennessee. Therefore, his failure to satisfy the *pro hoc vice* requirements does not constitute a *per se* structural violation of the Sixth Amendment.

## II. Failure to Comply with Mississippi Rule of Appellate Procedure 46

¶13. Green did not completely satisfy the requirements for *pro hac vice* admission before acting to represent Newberry, and the trial court clearly erred in allowing the trial to proceed without the presence of local counsel.

¶14. Rule 46(b)(7) states:

A foreign attorney shall not appear as counsel pro hac vice before any court or administrative agency until the foreign attorney certifies to the court or administrative agency that the foreign attorney has provided a copy of the order authorizing such appearance to the Clerk of the Supreme Court.

¶15. The trial court did not authorize Green to practice *pro hoc vice* until well after Green had represented Newberry by filing motions on Newberry's behalf without listing associated counsel and by representing him in person at pretrial hearings.[3] Additionally, Green should

---

[3] Mississippi Rule of Appellate Procedure 46(b)(11)(I) provides:

No court clerk or filing officer of any administrative agency of this state shall accept or file any pleadings or other papers from a foreign attorney who has not complied with the requirements of this rule. Any pleadings or other papers

6

have certified to the trial court that the Clerk of the Supreme Court had been provided a copy of the order authorizing his appearance before he acted to represent Newberry.

¶16. The trial court erred in waiving the now-mandatory requirement that associated local counsel be present at trial. As established by the 2003 amendments and comments to Rule 46, the presence of local counsel at trial is now mandatory and may not be excused by the trial judge. Rule 46(b)(4) states:

> No foreign attorney may appear pro hac vice before any court or administrative agency of this state unless the foreign attorney has associated in that cause a local attorney. The name of the associated local attorney shall appear on all notices, orders, pleadings, and other papers filed in the cause. *The local attorney shall personally appear and participate in all trials, and, unless specifically excused from such appearance by the court or administrative agency, in all pretrial conferences, hearings, other proceedings conducted in open court and all depositions or other proceedings in which testimony is given in this state.* By associating with a foreign attorney in a particular cause, the local counsel accepts joint and several responsibility with such foreign attorney to the client, to opposing parties and counsel, and to the court or administrative agency in all matters arising from that particular cause.

M.R.A.P. 46(b)(4) (emphasis added). The comment to Rule 46 states in part:

> As amended in 2003, Rule 46(b)(4) departs from prior practice and now requires that associated local counsel personally appear and participate in all depositions or other proceedings in which testimony is given in this state, in addition to all trials, pretrial conferences, hearings other proceedings conducted in open court. *The local attorney may be specifically excused by the judge from attending proceedings other than trials.*

---

in violation of this rule shall be stricken from the record upon the motion of any party or by the court or administrative agency sua sponte.

*See also* **Mitchell v. Progressive Ins. Co.**, 965 So. 2d 679 (Miss. 2007). While the circuit court clerk did not refuse to accept Green's pretrial motions, that might have been because it was not clear from his signature and bar number on the filings that he was an out-of-state attorney.

7

M.R.A.P. 46 cmt. (emphasis added).

¶17.    The rule imposes a mandatory requirement that "the local attorney shall personally apear and participate in all trials." The trial court held that the rule can be read to allow the trial court to excuse the local attorney's presence at trial. This reading is untenable. The mandatory requirement that "the local attorney shall personally appear and participate in all trials" is structured to stand independent from the subsequent list of proceedings the local attorney must also attend unless excused by the court. M.R.A.P. 46(b)(4). The phrase "and, unless specifically excused from such appearance by the court . . ." is a qualifier to the subsequent list of proceedings, a list that does not include "trial." *Id*. The phrase "such appearance" does not refer back to the term "trial" in the initial clause of the sentence, but rather refers to the subsequent list of proceedings. The comment clarifies matters and expressly states, "[t]he local attorney may be specifically excused by the judge from attending proceedings *other than trials*." M.R.A.P. 46(b)(4) cmt. (emphasis added).

¶18.    As explained by the comment, by enacting the 2003 amendments to Rule 46, this Court made a deliberate choice to "depart from prior practice" and significantly increase the required involvement of associated local counsel. M.R.A.P. 46 cmt. This heightened-involvement requirement  promotes the policy of ensuring that defendants are adequately represented by counsel knowledgeable and experienced in local court rules and practice. *Id*. Green's representation did not comply with this requirement, and the trial court clearly erred in interpreting the rule to permit the waiver of local counsel at trial.

¶19.    We have found strict compliance with Rule 46 appropriate in circumstances where local counsel was absent from the representation. In *Taylor v. General Motors Corp.*, 717

8

So. 2d 747 (Miss. 1998), this Court held that the trial court acted appropriately when it struck the plaintiff's complaint because the *pro hoc vice* attorney had not complied with Rule 46 admission requirements and had failed to associate local counsel. In ***Dinet v. Gavagnie***, 948 So. 2d 1281, 1284 (Miss. 2007), this Court reversed the trial court's decision to strike pleadings where, even though the name of a foreign attorney who had failed to obtain admission *pro hac vice* was on the filings, a local attorney had been substituted as counsel and the local attorney's name was also on the filing. The Court distinguished ***Dinet*** from ***Taylor*** by pointing out that, in ***Taylor***, "the plaintiffs were represented by only a foreign attorney, who had not been properly admitted pro hac vice." ***Dinet***, 948 So. 2d at 1285.

¶20.    In ***Martin v. State***, 749 So. 2d 375 (Miss. Ct. App. 1999), a case decided before the 2003 amendments, the Court of Appeals declined to reverse a guilty plea where associated local counsel was present at the plea hearing but the defendant's second, *pro hoc vice* attorney was absent. The court stated:

> [the pro hoc vice attorney] did not appear at the guilty plea hearing. Instead, local counsel, Robert Evans, was present when Martin entered his plea of guilty at the hearing. It is undisputed in the record that Evans was a local attorney who was familiar with the local rules and practice in this area of law. The argument that [the pro hoc vice attorney] had not met the requirements of M.R.A.P. 46 in no way impedes the validity of the guilty plea entered by Martin.

¶21.    Despite the submission of Lofton's "Certificate of Local Attorney" with Green's *pro hoc vice* application, Newberry was, for all practical purposes, "represented only by a foreign attorney, who had not been properly admitted pro hac vice." *See* ***Dinet***, 948 So. 2d at 1285. Consistent with this Court's precedent and the policies behind amending the rules to required heightened involvement of local counsel, and unlike the scenarios in ***Martin*** and ***Dinet***, the

9

involvement of local counsel is not present as a potential mitigating factor to compensate for Green's failure to satisfy the Rule 46 requirements. Not only did associated local counsel not appear at trial, he was not even aware of the filings made, of the nature of the charges against Newberry (including his habitual-offender status), or even that the case was going to trial.

¶22. The State argues that Newberry waived his right to challenge the Rule 46 violation because Newberry allowed Green to represent him at trial knowing that Green was not a Mississippi attorney. But waiver requires that the party knew or with reasonable diligence may have discovered the *violation* and yet still permitted the representation to proceed. *See Terrell v. Tschirn*, 656 So. 2d 1150 (Miss. 1995). Here, at trial, the trial judge, the State, and Newberry's attorney all represented to Newberry that the absence of local counsel at trial was not a violation, and that Green had complied with all of the requirements for *pro hoc vice* admission. In the face of that representation, Newberry could not be expected to have the requisite knowledge of the violation for a finding of waiver. He also would have no mechanism for objecting to the violation that occurred at trial (since his noncompliant attorney would be his mechanism for objecting), and he did challenge the violation (with a new attorney) at the first post-trial opportunity, the post-trial motions.

¶23. We held, in the context of pretrial Rule 46 violations and prior to the 2003 amendments to the rule, in the context of pretrial activity, that "where a party knows or with reasonable diligence may have discovered the Rule 46 violation, the failure to file a motion prior to trial acts as a waiver and procedurally bars him from raising the issue on appeal." *Terrell v. Tschirn*, 656 So. 2d 1150 (Miss. 1995). We are not overruling *Terrell*, but rather supplementing it in the context of violations that occurred at trial, not merely pretrial, where

10

all parties at trial represented that no violation occurred, and in consideration of the 2003 amendments to the rules.[4]

¶24. Our enforcement of Rule 46 goes not only toward protecting clients' rights, but toward enforcing both society's and the profession's respect for this Court and the processes that have been established for seeking redress. Both principles are weakened if a finding of waiver is as simple as a defendant's awareness that he is represented by an outside attorney, where the trial judge, the State, and the defendant's attorney all represented that the attorney was in compliance with the rules governing foreign attorney admission.[5] The presence of local counsel may cover a multitude of *pro hoc vice* sins when evaluating prejudice to a defendant, but this Court will take very seriously *pro hoc vice* violations that involve the absence of local counsel.

¶25. We hold that, under this set of facts, Newberry did not waive his right to challenge the Rule 46 violation, and that the seriousness of the violation in failing to have local counsel involved at all and especially at trial warrants reversal of Newberry's convictions.

---

[4] The separate opinion appears to find the issues in this case indistinguishable from **Terrell**, however we find this case distinguishable in that the violations were not exclusively pretrial and the requisite knowledge for waiver was not present.

[5] We disagree with the separate opinion that this case reduces to a **Strickland** analysis for ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). While we do not find it necessary to go so far in this case, we note that some jurisdictions have held that "[w]hen a defendant is unaware at the time of trial that his trial counsel is neither licensed to practice law in [the jurisdiction] nor admitted pro hac vice pursuant to [the local rules], [the] court will presume that the defendant suffered prejudice and hold as a matter of law that the conduct of counsel in question was ineffective assistance of counsel per se." **Little v. State**, 819 N.E. 2d 496, 503 (2004). In **Little**, the Court of Appeals of Indiana rejected an ineffective-assistance-of-counsel claim where a defendant proceeded to trial (without local counsel) *with knowledge* that his foreign attorney had failed to comply with the relevant rules governing admission. *Id*. at 502.

¶26.   Newberry also argues that his sentencing as a habitual offender is reversible due to the trial court's failure to admit proof of his prior convictions into evidence at the sentencing hearing, as well as the trial court's failure to treat the sentencing hearing as the appropriate time for the defendant to challenge the competency of those records with evidence and testimony. *See **Grayer v. State***, 120 So. 3d 964 (Miss. 2013). Since we are reversing the underlying convictions, we do not address the merits of this argument. Because the conviction is not reversed on grounds of insufficiency of the evidence, jeopardy will not be an issue at sentencing should Newberry be convicted again. *See **U.S. v. Tateo***, 377 U.S. 463 (1964), 84 S. Ct. 1687, 12 L. Ed. 2d 448; ***Denton v. Duckworth***, 873 F.2d 144 (7th Cir. 1989).

¶27.   **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., KITCHENS AND KING, JJ., CONCUR. COLEMAN, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., LAMAR AND PIERCE, JJ.**

**COLEMAN, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶28.   I agree with the majority's opinion that Newberry was not denied counsel under the Sixth Amendment.  I also agree that Green did not comply with the requirements for *pro hac vice* admission as dictated in Mississippi Rule of Appellate Procedure 46, specifically the requirement that local counsel be present at trial.  However, I disagree that the failure to follow Rule 46 constitutes ineffective assistance of counsel *per se* when the defendant is unaware that his counsel is not licensed to practice law in Mississippi nor admitted *pro hac vice*, requiring reversal in the instant case.  Nonetheless, because the State failed to properly

12

provide evidence supporting Newberry's status as a habitual offender, I would reverse the trial court's imposition of the habitual offender sentence enhancement. Finally, the trial court, within its discretion, properly allowed Officer Scallorn to testify on whether Newberry was under the influence. Therefore, I respectfully concur in part and dissent in part.

## I. *Pro Hac Vice* Admission and Rule 46 of the Mississippi Rules of Appellate Procedure

¶29. Mississippi Rule of Appellate Procedure 46 controls the admission, withdrawal, and discipline of attorneys, including *pro hac vice* admissions. Miss. R. App. P. 46. As the majority correctly lays out, Rule 46 lists several requirements for proper *pro hac vice* admission, including that a foreign attorney "shall not appear as counsel *pro hac vice* before any court . . . until the foreign attorney certifies to the court . . . that the foreign attorney has provided a copy of the order authorizing such appearance to the Clerk of the Supreme Court." Miss. R. App. P. 46(b)(7). Yet, in the instant case, Green was not authorized by the trial court until he had represented Newberry by filing motions on his behalf, and he testified in post-trial proceedings that he never submitted an order admitting him *pro hac vice* to the Mississippi Supreme Court.[6] Further, it is clear that Green did not comply with the requirements of Rule 46 that local counsel be present at trial. Miss. R. App. P. 46(b)(4) (allowing the Court to excuse local counsel from appearing in pretrial conferences, hearings, and other procedures, but not allowing the Court to excuse local counsel from appearing at trial).

---

[6] The records maintained by the Supreme Court confirmed that he never submitted an order admitting him.

13

¶30.    While I concur with the majority that Green violated Rule 46, I respectfully dissent as to the reversal of the defendant's conviction.  Rule 46 contains a section spelling out exactly how Rule 46 should be enforced:

> ii. By Courts and Administrative Agencies. The courts . . . of this state shall have the duty and authority to enforce the provisions of this rule by denying violators the right to appear. If a foreign attorney engages in professional misconduct during the course of a special appearance, the judge . . . may revoke permission to appear pro hac vice and may cite the foreign attorney for contempt. In addition, the judge . . . shall refer the matter to the disciplinary counsel of the Mississippi Bar for appropriate action by the disciplinary tribunal.

> iii. Violation. Violation of this rule is deemed to be the unlawful practice of law. The Mississippi Bar, or its designated representatives, shall have the right to take appropriate action to enforce the provisions of this rule under the provisions of Miss. Code Ann. § 73-51-1 (1989).

Miss. R. App. P. 46(b)(11).  Nowhere in Rule 46, or elsewhere in our law, is there a provision that states that violation of Rule 46, whether or not the client is aware, equates in and of itself to a violation of an accused's right to counsel.  As the State points out, in *Terrell v. Tschirn*, 656 So. 2d 1150 (Miss. 1995), we wrote as follows:

> Where a party knows or with reasonable diligence may have discovered the Rule 46 violation, the failure to file a motion prior to trial acts as a waiver and procedurally bars him from raising the issue on appeal. Terrell should not be allowed to take his chances with a jury and then, after he loses, file his motion. *See **Buchanan v. Buchanan***, 587 So. 2d 892, 897 (Miss. 1991) (party who knew of grounds for judge's recusal could not wait until after adverse verdict to file a motion, the point is deemed waived). *See also **Ryals v. Pigott***, 580 So. 2d 1140, 1175-76 (Miss. 1990); ***City of Biloxi v. Cawley***, 332 So. 2d 749, 750 (Miss. 1976).

*Id.* at 1152.  In *Terrell*, a party was represented by an attorney licensed in Louisiana but not in Mississippi. *Id.*  The Louisiana-licensed attorney never obtained *pro hac vice* admission, and on appeal his client argued that all pleadings signed by him should be struck.  *Id.*

14

Pursuant to the above-quoted reasoning, we held Terrell to be barred from complaining about the failure of his attorney to obtain *pro hac vice* admission. In the case *sub judice*, one of the Rule 46 violations of which Newberry complains is that his counsel was allowed to proceed at trial without local counsel present. Clearly, he had reason to know of the Rule 46 violation prior to the start of trial. Absent some sort of showing that his counsel was constitutionally ineffective pursuant to *Strickland*, discussed below, he waived any Rule 46 violation.

¶31. The majority, discussing *Little v. State*, 819 N.E. 2d 496, 503 (Ind. Ct. App. 2004), also appears to hold that the appearance by foreign counsel amounts to *per se* ineffective assistance of counsel, but I disagree.[7] In Mississippi, ineffective assistance of counsel claims are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). *Parker v. State*, 30 So. 3d 1222, 1233 (¶ 37) (Miss. 2010); *Holly v. State*, 716 So. 2d 979, 989 (Miss. 1998). A strong, albeit rebuttable, presumption exists that trial counsel performed in a competent manner and within the broad spectrum of reasonable conduct that one might expect from a trial attorney. *Parker*, 30 So. 3d at 1233 (¶ 37). To successfully rebut the presumption, a defendant must demonstrate that "his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial." *Id.* "Only where it is reasonably probable that but for the attorney's errors, the outcome of the trial would have been different, will we find that counsel's performance was deficient." *Id.*

---

[7] I do not agree that we should adopt *Little*. However, even if we did, it would not apply here. The crux of the *Little* Court's rule is whether the defendant knows his attorney is not licensed in the jurisdiction of trial. If the defendant knows, then there is no Sixth Amendment issue. *Little*, 819 N.E. 2d at 503. On direct examination, Newberry admitted he knew Green was not licensed in Mississippi, stating that Green "told me he couldn't practice in Mississippi, and he had another counsel who would practice with him."

15

¶32. Based on my review of his brief, the defendant makes no attempt to rebut the presumption that his trial counsel acted competently. He points to no part of the record that shows his defense suffered due to any ignorance of Mississippi law or procedure on the part of his trial attorney. Neither the defendant nor the majority cites the ***Strickland*** standard. The instant case provides a remarkable example of a violation of our rules prohibiting the practice of law by an unlicensed attorney, but I am unwilling to create an exception to our well-settled adherence to ***Strickland***. *See **United States v. Maria-Martinez***, 143 F.3d 914, 916-17 (5th Cir. 1998) (declining to apply a *per se* ineffectiveness rule in situations involving unlicensed attorneys); *see also **United States v. Mitchell***, 216 F.3d 1126 (D.C. Cir. 2000) (holding that suspension of an attorney does not, by itself, render counsel *per se* ineffective under the Sixth Amendment, and that the ***Strickland*** analysis still applies); ***United States v. Ross***, 338 F.3d 1054, 1056-57 (9th Cir. 2003) (suspension from practice prior to start of petitioner's criminal trial is not *per se* ineffective assistance); ***United States v. Mouzin***, 785 F.2d 682, 698 (9th Cir. 1986) (disbarment during petitioner's criminal proceedings did not violate Sixth Amendment right to effective assistance of counsel); ***United States v. Hoffman***, 733 F.2d 596 (9th Cir. 1984) (suspension from practice does not automatically violate Sixth Amendment right to effective assistance of counsel).

¶33. Because the majority opinion does not reach Newberry's remaining arguments on appeal as a result of the decision to reverse on the Rule 46 violation, it is necessary to briefly discuss the remaining issues here. In addition to his Rule 46 and Sixth Amendment arguments, Newberry argues that the trial court erred in failing to admit proof of his prior

convictions into evidence during sentencing and that the trial court erred in admitting the opinion testimony of Officer Jason Scallorn.

## II. Habitual Offender Status

¶34. Evidence supporting an habitual offender enhancement imposed pursuant to Mississippi Code Section 99-19-81 must be introduced and made a part of the record of the sentencing hearing. *Young v. State*, 507 So. 2d 48, 50 (Miss. 1987). Uniform Rule of Circuit and County Court Practice 11.03(2) requires the trial court to hold a separate trial on the charge of previous convictions. "The state has the same burden of proof as to the habitual offender portion of the indictment as it has on the principal charge. The defendant also has the same rights at both stages of trial." *Young*, 507 So. 2d at 50 (quoting *Seely v. State*, 451 So. 2d 213, 215 (Miss. 1984)).

¶35. In *Young*, the State introduced – during the sentencing hearing – documentary evidence showing that one "Louis Young" had three prior felony convictions. *Young*, 507 So. 2d at 49. Counsel for the defendant, Lewis Oscar Young, objected on the basis that the State never established that the Louis Young named in the documents was the same man as his client. *Id.* In overruling the objection, the trial judge relied on testimony elicited from the defendant during the guilt phase of the trial, wherein the defendant testified that he was convicted of the three offenses. *Id.* The *Young* Court, describing the sentencing procedure as "seriously deficient," reversed because the testimony upon which the judge relied in overruling the defendant's objection was never introduced into evidence at the sentencing hearing. *Id.* at 50.

17

¶36. In the case *sub judice*, certified copies of Newberry's convictions, or pen pack, had been attached to the State's pretrial motion to amend the indictment. At sentencing, the prosecutor offered them into evidence and noted that they had been attached to the earlier-filed motion to amend. As in **Young**, the defendant contended that the convictions detailed in the pen pack were of someone else. Defense counsel indicated that she wished to place her client on the stand to testify as to whether or not the convictions found in the pen pack pertained to him, to which the trial judge responded, "Well, they've already been admitted into evidence, so I'll have to accept them as they are, ma'am." However, our review of the record and exhibits reveals that they were not, in fact, introduced into evidence, nor did the trial judge incorporate them into the record by reference.[8] Despite an attempt by defense counsel to inform the court that the pen pack had not been introduced, the trial judge continued to proceed under the mistaken impression that it had.

¶37. **Young** and its predecessor, **Seely v. State**, 451 So. 2d 213 (Miss. 1984), clearly stand for the proposition that "[e]vidence which is not admitted cannot be considered proof in the case," **Alphonso v. Deshotel**, 17 S.W.3d 194, 201 (Tex. Ct. App. 2013). The **Seely** Court wrote:

> A jury is to decide the question of guilt and subsequently the circuit judge is to serve as the finder of fact in determining whether the habitual offender part of the indictment is established by the requisite degree of proof. The state has the same burden of proof as to the habitual offender portion of the indictment as it has on the principal charge. The defendant also has the same rights at both

---

[8] Because they were not incorporated by reference, the instant case is distinguishable from our recent holding in **Conner v. State**, 138 So. 3d 143 (Miss. 2014). There, we held that incorporating the pen pack by reference, while not preferred, sufficed to support an habitual offender sentence enhancement.

stages of trial. There appears to be some tendency to routinely allow the state to produce some documentation of prior offenses and for the trial court to perfunctorily find the defendant an habitual offender, then routinely pass out the sentence mandated by § 99-19-81. We wish to leave no doubt that the requirement of a bifurcated trial means a full two-phase trial prior to any finding that a defendant is an habitual offender and subject to enhanced punishment. Further, a complete record of the second part of the trial must be made.

*Seely*, 451 So. 2d at 215.

¶38. The State argues first that the pen pack had been introduced into the court record as an exhibit to the motion to amend Newberry's indictment. However, in *Young* we reversed an habitual offender sentence because the trial court relied upon sworn testimony elicited during the guilt phase of the trial but not reintroduced during sentencing. The *Young* Court held, in no uncertain terms, that evidence supporting an habitual offender sentence enhancement, if introduced somewhere other than the sentencing hearing, *must* be reintroduced. *Young*, 507 So. 2d at 50. Moreover, discovery responses and attachments to filings submitted to the Court may not be considered at trial unless admitted into evidence. *Adams v. Allstate Ins. Co.*, 809 So. 2d 1169, 1173 (La. Ct. App. 2002) ("Evidence not properly and officially offered and introduced shall not be considered, even if it is physically placed in the record."); *Bobo v. Nationwide Ins. Co.*, 599 N.E.2d 844, 848 (Ohio Ct. App. 1991) ("Materials attached to a trial memorandum are not considered evidence and therefore are not a part of the record to which the court may look for purposes of rendering judgment."); *Donndelinger v. Donndelinger*, 690 P.2d 366, 374 (Idaho Ct. App. 1984) (Although filed with the court, answers to interrogatories "are not evidence unless offered and admitted at trial" and "do not become incorporated into evidence in a trial merely by

19

allusion, indirect reference or physical presence before the court during the questioning of a witness.").

¶39. The State next contends that Newberry admitted to two prior convictions while testifying on the day of the sentencing hearing. Newberry did admit to convictions in 1992 and 2002, but there is no evidence in the record of the sentencing hearing from him or any other source concerning what the convictions were for or what sentences he received for them. *See* Miss. Code Ann. § 99-19-81 (Rev. 2007) (to enhance the sentence, the convictions must be for felonies and the defendant must have been sentenced to separate terms of one year or more).

¶40. In *Grayer v. State*, the Court vacated a defendant's sentence as an habitual offender on the grounds that the State did not provide competent evidence to support such a sentence. *Grayer v. State*, 120 So. 3d 964, 969 (¶ 19) (Miss. 2013). In that case, the State failed to move to enter the certified copies of Grayer's prior convictions into evidence, and the trial court had nothing more to rely on other than a mere recitation of Grayer's prior felony convictions. *Id.* The Court held that the State failed to prove Gayer's prior convictions by competent evidence, which rose to the level of plain error. *Id.* While the instant case differs from *Grayer* in that the pen packs are in the court file as an exhibit to a pretrial motion, pursuant to our holdings in *Young* and *Seely*, inclusion elsewhere in the court file does not suffice. Actual admission into evidence at sentencing is required.

¶41. I would reverse the habitual offender enhancement to Newberry's sentence, as, pursuant to *Young* and *Grayer*, the trial court may not rely on information not introduced as

evidence during the sentencing hearing when imparting an habitual offender sentence enhancement.

### III. Officer Scallorn's Testimony

¶42. Finally, Newberry argued that the trial court erred in allowing Officer Scallorn to testify at trial on whether, in his opinion, Newberry was under the influence. Specifically, the State asked Officer Scallorn, "Based off of what you personally observed in your training and experience, did this defendant pass the field sobriety test?" to which Officer Scallorn responded, "No, sir." Newberry appears to assert that Officer Scallorn would need to be qualified as an expert to testify as to such matters. However, the question posed by the State specifically asked Officer Scallorn to base his answer "off of what [he] personally observed in [his] training and experience." Officer Scallorn's testimony clearly falls under Mississippi Rule of Evidence 701, in that it is "(a) rationally based on [Officer Scallorn's] perception . . . , (b) helpful to the clear understanding of the testimony . . . , and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* Miss. R. Evid. 701.

¶43. Additionally, the Court previously has addressed the issue of police officers testifying as to the administration of field sobriety tests without being qualified as an expert witness. In ***Young v. City of Brookhaven***, the Court held that the testimony of an officer as to the administration of a horizontal gaze nystagmus test – which is the same test as in the instant case – was not so complex and technical as to require expert testimony. ***Young v. City of Brookhaven***, 693 So. 2d 1355, 1358-61 (Miss. 1997). *See also **Pulido v. City of Oxford***, 991 So. 2d 1224, 1226-27 (¶¶ 11-19) (Miss. Ct. App. 2008); ***Graves v. State***, 761 So. 2d 950,

954-55 (¶ 12) (Miss. Ct. App. 2000). Similarly, the trial court did not err in admitting the testimony of Officer Scallorn.

¶44. In the absence of any rebuttal of the *Strickland* presumption by the defendant, I disagree with the majority's reversal of the defendant's conviction as a result of the Rule 46 violation and would instead affirm the defendant's conviction. However, I would reverse the habitual offender sentence enhancement.

**RANDOLPH, P.J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.**